341 So.2d 577 (1977)
Marvin T. BLANDINO, Plaintiff-Appellant,
v.
BROWN ERECTION COMPANY, INC., et al., Defendants-Appellees.
No. 13088.
Court of Appeal of Louisiana, Second Circuit.
January 10, 1977.
*578 Hal V. Lyons, Shreveport, for plaintiff-appellant, Marvin T. Blandino.
Joseph R. Bethard, Shreveport, for intervenor-appellant, Travelers Ins. Co.
Blanchard, Walker, O'Quin & Roberts by Neilson S. Jacobs, Shreveport, for defendants-appellees, Brown Erection Co., Inc. and Bituminous Casualty Corp.
Before BOLIN, MARVIN and JONES, JJ.
MARVIN, Judge.
Plaintiff Blandino, an ironworker, was injured when a cable on a crane boom extension failed and the load which the crane was lifting fell on a joist on which plaintiff was standing, causing plaintiff to fall about 20 feet to the ground.
*579 Plaintiff sued Brown Erection Company (which had rented the crane to plaintiff's employer, Atkinson Company) and its liability insurer in tort. The workmen's compensation carrier of plaintiff's employer intervened for amounts paid to or for the injured employee under the Workmen's Compensation Law. Jury trial, demanded by plaintiff, resulted in a verdict rejecting plaintiff's demands (10-2) against defendants. On plaintiff's appeal of the judgment below, we affirm.
Plaintiff asserts numerous errors, including legal insufficiency of the charge below to the jury and contends that his motion for a new trial should have been granted below. Plaintiff complains in this latter respect that the one male juror unduly influenced, commandeered and dominated the eleven female jurors.
Plaintiff's employer rented the crane from defendant Brown Erection Company to lift bundles of metal decking to the second floor of a building under construction on which plaintiff was working. The crane boom (70 feet) was fitted with a 20 foot extension, called a "jib." The jib was connected to the boom with one large bolt. A support cable extending from a cable spool at the base of the boom to the end of the jib maintained the jib's rigidity at any angle set by the crane operator.
The crane had successfully lifted one bundle of decking from the ground to the second floor. When the second bundle was being lifted the jib support cable snapped or broke. This caused the jib to swing downward and the weight of the bundle to fall onto a joist on which plaintiff was standing. The jolt or impact caused plaintiff to fall about 20 feet to the ground and resulting disabling injuries. The respective angle-radius of the boom and jib, the procedure followed by the crane, the weight of the bundle (approximately 3600 lbs.), the position in which the bundle was to placed, were similar on the first and second lift.
The defendants' crane operator, who was "leased" with the crane, was under the supervision and control of the foreman of plaintiff's employer who was directing the crane operator for the purposes of the lift. The crane operator was legally a borrowed employee of plaintiff's employer. Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137 (1951) and B. & G. Crane Service v. Thomas W. Hooley & Sons, 227 La. 677, 80 So.2d 369 (1955).
Where an employee of A is injured because of the direct negligence of B (i. e., the failure of equipment negligently maintained by and leased by B to A), the injured employee may recover from B notwithstanding that one or more of B's employees have been loaned to A and were under the direction and control of A. The injured employee's recovery in such cases is not based on the negligence of B's employee loaned to A, but on B's negligence. Jenkins v. Dixie Rental Tools and Casing Crews, Inc., 283 So.2d 271 (La.App. 1st Cir. 1973), Lyons v. Jahncke Service, Inc., 125 So.2d 619 (La.App. 1st Cir. 1960).
As an appellate court, we are required to review the record from a factual viewpoint and to render any judgment which is just, legal and proper. LSA-Const.1921, Art. 7, § 29; LSA-Const.1974, Art. 5, § 10, LSA-C.C.P. Art. 2164. The ultimate factual inquiry is whether or not plaintiff has proved facts by a preponderance of the evidence from which we may find or infer a legal basis for imposing liability on Brown Erection Company, owner of the crane.
Our review of the record convinces us that plaintiff proved only that the jib support cable snapped. The principal owner and manager of Brown Erection Company testified and produced corporate business records to establish that the jib support cable was replaced with new cable four months prior to the accident. This cable generally lasts for about two years before it becomes worn and weakened. An expert witness who examined the crane and the broken cable following the accident negatived the existence of any defects, nicks, cuts or ravelling in the cable. Brown's employee, who operated and maintained the crane, testified that he found no defects in *580 the crane or cable before or after the accident complained of.
Plaintiff did not prove by a preponderance of the evidence that the cable failed because of any defect. Plaintiff also did not negative the existence of other factors which may have caused the cable to fail from which we could reasonably and logically infer that the accident would not have happened except for the fault and neglect of Brown Erection Company. Town of Slidell v. Temple, 246 La. 137, 164 So.2d 276 (1964); Perkins v. Texas & New Orleans Railroad Company, 243 La. 829, 147 So.2d 646 (1962); LeBlanc v. Travelers Insurance Company, 291 So.2d 817 (La.App. 4th Cir. 1974). The expert witness who examined the broken cable could surmise as the only reason for the failure, the crane must have been "overloaded." Brown's employee (the driver of the crane) said that he suggested to Atkinson's foreman that the bundles of decking should be split or divided (so as to reduce the weight). According to Brown's employee, the Atkinson Company foreman responded that it could not be done because it would take too much time and trouble. Considering these factors, it could be found it was more probable than not that the cable failed because it was overloaded by the fellow employees of plaintiff.
Plaintiff's motion for a new trial alleged that the one male juror (1) refused to allow a secret written ballot; (2) advised the other jurors that plaintiff did not "deserve" disability; (3) advised that Brown Erection Company did not have to maintain its equipment in good shape, and (4) advised that one of plaintiff's witnesses lied on the witness stand because he "smiled."
C.C.P. Art. 1814 reads:
"A new trial shall be granted if it be proved that the jury was bribed or has behaved improperly so that impartial justice has not been done."
Improper behavior by a jury is not defined but must be determined by the facts and circumstances of the particular case.
Plaintiff's allegations, if true, reflect only that the male juror was a highly opinionated person. The presence on a jury of a highly opinionated person does not constitute improper behavior so as to preclude achievement of impartial justice within the meaning of C.C.P. Art. 1814. The lower court did not err in denying plaintiff's motion of a new trial based on these allegations.
In obedience to constitutional and statutory mandate, we have reviewed the record from a factual standpoint under correct and appropriate legal principles. Art. 5, Section 10(B), La. Constitution 1974; C.C.P. Art. 2164. Even assuming arguendo that the lower court improperly instructed the jury, the record does not support a reversal of the judgment below or a remand for a new trial. Our factual review convinces us the result is correct.
At appellants' cost, judgment is
AFFIRMED.