469 So.2d 421 (1985)
David A. PETERS, Plaintiff-Appellant,
v.
ATLANTA INTERNATIONAL INSURANCE COMPANY, et al., Defendant-Appellee.
No. 84-377.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*422 Scofield, Bergstedt, Gerard, Mount & Veron, Thomas W. Bergstedt, Lake Charles, for plaintiff-appellant.
Plauche, Smith and Nieset, Allen L. Smith, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
The plaintiff-appellant, David A. Peter, instituted this lawsuit against Atlanta International Insurance Company, the defendant-appellee, seeking the recovery of damages incurred in a vehicular accident. After a trial on the merits, the jury returned a verdict in the defendant's favor and awarded no damages whatsoever. The plaintiff-appellant has perfected this appeal.
The vehicular collision that gave rise to this lawsuit occurred on April 1, 1982. This accident involved the car being driven by the plaintiff and a 1978 International tractor and 1979 Fruehauf trailer being driven by Raymond A. Kerr. Mr. Kerr was driving the truck for his employer, Houston Freightways, Inc., who is insured by The Atlanta International Insurance Company. The collision occurred in the eastbound lane of the I-10 bridge over the Calcasieu River. In his petition, Mr. Peters alleged that as he was ascending the eastbound lane of the bridge, he struck the stalled and unlighted truck driven by Mr. Kerr. The plaintiff further alleged that the collision was caused solely by the negligence of Mr. Kerr, and that he sustained damages totalling $825,000.00.
After a trial on the merits, the jury returned a verdict in the defendant's favor awarding the plaintiff no damages. In his appeal of this judgment, the appellant specifies two errors allegedly committed by the trial court: (1) The trial court erred in not granting the plaintiff's motion for a new trial because of alleged juror misconduct; and (2) The trial court erred in excluding the testimony of Officer Byron P. Morgan concerning two radio calls that he heard prior to his arrival at the scene of the accident.
In his first assignment of error, the appellant contends that a conversation between Raymond Kerr and two of the jurors constitutes juror misconduct, which precluded the impartial administration of justice in this case. Under the provisions of LSA-C.C.P. arts. 1814, 1971, 1972 and 1973, as read together, a new trial is mandated only upon a showing of jury misconduct which is of such a grievous nature as to preclude the impartial administration of justice. Otherwise, the granting of a new trial is left to the sound discretion of the trial court. Improper behavior by a jury is not defined but must be determined by the facts and circumstances of a particular case. Bossier v. DeSoto General Hospital, 442 So.2d 485 (La.App. 2nd Cir.1983); Blandino v. Brown Erection Co., Inc., 341 So.2d 577 (La.App. 2nd Cir.1977).
The application of these principles to the facts of this case, reveals no error in its denial of the motion for a new trial. The record discloses that only a short conversation transpired between the two jurors and Mr. Kerr as everyone involved with the trial was filing into the courtroom after a lunch recess. This fact suggests that the *423 conversation was not through a deliberate effort by Mr. Kerr, but rather an inadvertent encounter. Although the substance of this conversation is unknown, the record does not indicate that any of these people had any prior acquaintance with each other. In sum, this misconduct was in no way grievous or in any way suggestive of a partial or biased jury. Absent such a suggestion, the decision as to whether juror misconduct precludes the impartial administration of justice rests with the sound discretion of the trial judge. After reviewing the record we conclude that the trial court was not in error or in abuse of its discretion in its denial of the plaintiff's motion for a new trial.
The appellant's next assignment of error concerns hearsay testimony that was excluded at the trial. At the trial, the plaintiff sought to elicit testimony from Officer Morgan about how he heard about the plaintiff's accident and how he arrived at the scene so quickly. This testimony was not allowed because it involved statements overheard by the witness on his police radio. The basis for this exclusion was that the statements constituted hearsay. The appellant however, contends that these statements should have been allowed because they constituted excited utterances or present sense impressions, which are both exceptions to the hearsay rule. State v. Smith, 285 So.2d 240 (La.1973).
"Hearsay is defined generally as evidence whose probative force depends on the competency and credibility of some person other than the witness. The basis for excluding hearsay is the lack of opportunity to test by cross-examination, under oath, the veracity and accuracy of the statement offered. Thus, the courts will not allow a witness to testify as to what some other person said or told him." Jones v. Ledet, 383 So.2d 1308 (La.App. 3rd Cir.1980). In this case, the statements overheard by the witness are hearsay because they are being offered as true (whether the defendant's truck was stalled on the bridge) and they are by a person who was not available to testify in open court. Thus, the hearsay character of this testimony is clear.
The appellant argues that the testimony of Officer Morgan should have nonetheless been admitted because it falls within the excited utterance and present sense impression exceptions to the hearsay rule. During the trial, in the jury's absence, Officer Morgan's partner testified about the contents of these statements. He said that the first declarant stated that there was a stalled truck on the bridge and that the second declarant stated shortly thereafter that there was an accident.
In State v. Smith, supra, the Louisiana Supreme Court expressly adopted these two exceptions (excited utterances and present sense impression) to the hearsay rule. The following observations were made:
In considering first the "excited utterance" exception to the hearsay rule, we find that the basic rationale for admission involves the alleged special reliability of a declaration made in spontaneous reaction to an event sufficiently startling to render normal reflective and fabricative thought processes of the observer inoperative.11
It is not generally required that the declarant be actually involved in the event; an excited utterance by a bystander is admissible.12 Furthermore, the specific identity of the bystander who makes the spontaneous declaration need not be shown. For instance in St. Laurent v. Manchester Street Ry. Co., 77 N.H. 460, 92 A. 959 (1915), the testimony of a bystander passenger that the common cry of the passengers was that the boy ran into the train (and not the train into the boy) was held to be admissible.
The court then made the following observations about the present sense impression exception to the hearsay rule:
"An additional ground favoring admissibility is to consider the slip of paper as a present sense impression of the unidentified bystander.13 This exception to the hearsay rule does not require that the declaration be made in response to an *424 exciting event. The fact that the declaration is made contemporaneously with the event being described adds reliability in that there is no danger of a defective memory rendering the declaration unreliable. Also, in the case of verbal declarations, the declaration will be made in the hearing of the person who later relates the declaration. Therefore, this person will possibly have had an opportunity to observe the event himself, and thus provide a check on the accuracy of the declarant's observation. Even where the declaration is non-verbal, however, the fact that the statement is made contemporaneously with the act or immediately thereafter implies reliability since the declarant is unlikely to have had an opportunity to form a purpose to mistake his observations."
It can be safely stated that the underlying principle of these two exceptions is that the inherent unreliability in hearsay statements is diminished to a judicially acceptable degree to allow the hearsay testimony into evidence. If the hearsay statements remain unreliable notwithstanding their technical qualifications as an exception to the hearsay rule, then they should not be admitted into evidence.
In the present case, the statements overheard by the investigating officer remain too unreliable for admission into evidence. The identity of the declarant and the source of his knowledge remains unknown. Furthermore, declarant could have been traveling westbound on the bridge which places the highway divider between him and the scene of the accident. When the declarant stated that the truck had stalled it may have already been stopped because of the accident, thereby rendering his statement inaccurate. In short, the possibility of a distorted perception and an inaccurate description of the event in this case render the statements too unreliable for admission into evidence. Apparently, the trial court felt that the danger of misleading the jury outweighed the probative value of the hearsay. In such matters, the appellate courts defer to the judgment of the trial court unless there is a clear error. No such error was demonstrated in this case. Accordingly, we hold that the testimony was properly excluded.
For the foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's cost.
AFFIRMED.
YELVERTON, Judge, dissenting.
The statements by the unidentified travelers overheard on a CB radio by the State Police, prompting their immediate investigation and discovery of the accident, clearly fell within firmly rooted hearsay exceptions. They should have been admitted as both excited utterance and present sense impression exceptions. Their admissibility was all the trial judge had authority to determine. "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). It was for the jury to determine the weight to be given the statements. Refusal to admit them was clear error. The jury might well have reached a different conclusion had it been aware of these statements. I respectfully dissent.