503 So.2d 181 (1987)
Geneva Campbell GORMLEY
v.
GRAND LODGE OF the STATE OF LOUISIANA, et al.
No. CA-5495.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1987.
Rehearings Denied March 19, 1987.
Writ Denied May 29, 1987.
*183 Edward A. Rodrigue, Jr., Boggs, Loehn & Rodrigue, New Orleans, for defendants appellees.
Favret, Favret, Demarest & Russo, J. Paul Demarest, New Orleans, for plaintiff appellant.
Before REDMANN, C.J., and BYRNES, LOBRANO, WARD and ARMSTRONG, JJ.
BYRNES, Judge.
By this appeal Geneva Gormley asserts that the jury erred in awarding her only $2,700.00 in damages for injuries she sustained when she fell in a building owned by appellee, Grand Lodge of the State of Louisiana, F. & A.M., Inc. F. & A.M., and insured by appellee, Commercial Union Insurance Company Union.
On October 18, 1982, Geneva Gormley was attending a meeting of the Eastern Star Organization at the Masonic Temple Building located in New Orleans. At the time of the accident the sixty-nine year old Mrs. Gormley was addressing an audience from a podium which was about two feet above floor level. As she stepped down from the podium she either missed a step or stumbled over a section of loosely tacked carpet and fell to the floor, seriously injuring her shoulder. Her injury was subsequently diagnosed as a fractured humerus.
At trial, Mrs. Gormley attempted to call two fact witnesses who had examined the podium carpet after the accident in order to establish if there was in fact loose carpet on the podium over which Mrs. Gormley could have tripped. On the objection of the defendants, the trial judge refused to allow these two witnesses to testify as to facts surrounding the condition of the carpet. He based this ruling on his conclusion that the witnesses were "interested part[ies]" with "no expertise in anything dealing with rugs". The deposition testimony of one of these witnesses, a Mrs. Guglielmo, was then proferred for appellate review.
After the case was submitted to the jury, the trial judge's law clerk was seen leaving the jury room and overheard saying "Now, are you sure you understand about the interrogatories?" An oral motion for mistrial was then lodged by Mrs. Gormley. Upon questioning, the law clerk explained that she was asked by the jury to clarify the interrogatories at which time the law clerk left the jury room and referred the questions to the judge. The judge denied both the Motion for mistrial and a subsequently filed Motion for a new trial based on the same objection as to the law clerk's conduct.
After deliberation the jury returned a verdict which found that Mrs. Gormley had suffered $18,000 in damages. Her award, however, was reduced to $2,700 by the finding that she was 85% contributorily negligent.
By her first assignment of error, Mrs. Gormley asserts that the trial court erred in not allowing her two fact witnesses *184 to testify as to the condition of the carpeted area where the fall occurred. Specifically, Mrs. Gormley argues that it was incorrect for the court to disqualify the witnesses testimony concerning the condition of the carpet because the witnesses were friends of the plaintiff and therefore interested parties. This assertion has merit in that the interest of a witness cannot completely disqualify him from testifying but only bears on the weight to be given his testimony, Savoie v. Estate of Rogers, 410 So.2d 683 (La.1981). However, the record in the instant case shows that the trial judge also based his ruling on the fact that expert opinion testimony was sought to be elicited from these lay fact witnesses.
A review of the proffered testimony of Mrs. Guglielmo shows that at the deposition, she testified extensively concerning the installation of carpet, while at the same time acknowledging that she had no experience in that field. Moreover, the witness offered opinion testimony which was both outside the scope of her personal knowledge and within the province of expert testimony. For example, when speaking of the carpet in the area of the podium, Mrs. Guglielmo stated that "It was not laid like a professional carpetmaker should lay carpet".
Although a lay witness may testify as to facts based on personal knowledge, opinion testimony by the lay witness is generally excluded. R.S. 15:463. State v. Prestridge, 399 So.2d 564 (La.1981); Greene v. Wright, 365 So.2d 551 (La.App. 1st Cir.1978). In the instant case, the appellant sought to introduce the excluded testimony for two reasons: to establish that the carpet surrounding the poduim was improperly laid and created a condition which posed a hazard; and that no work had been performed on the carpet either before or since the accident. Insofar as Mrs. Guglielmo's testimony regarding how carpet should be properly laid constituted opinion testimony, it was properly excluded. The fact that the trial court also prevented her from testifying about the condition of the carpet as she perceived it one week after the incident is of little significance since this testimony was in fact cumulative of other testimony on the same subject.
The admission of such cumulative evidence is largely within the discretion of the trial court. See Murphy v. Piro, 240 So.2d 111 (La.App. 4th Cir.1970); Ashley v. Nissan Motor Corporation in U.S.A., 321 So.2d 868 (La.App. 1st. Cir.1975), writ denied 323 So.2d 478 (La.1975). At trial Mrs. Gormley introduced testimony of several witnesses which proved essentially the same facts, i.e., the carpet's condition at or near the time of accident and the fact that no carpet repair work had been conducted either before or after the accident. Consequently, we find no error in the trial court's refusal to admit Mrs. Guglielmo's repetitive fact testimony which dealt primarily with the condition of the carpet soon after the accident.
The appellant also contends that the jury incorrectly found her 85% contributorily negligent in causing her injuries. Contributory negligence is a matter of fact which, when left to the jury to decide, will not be disturbed unless the finding is clearly wrong. Soileau v. South Cent. Bell Tel. Co., 406 So.2d 182 (La.1981). In the present case, the jury was presented with conflicting evidence regarding whether Mrs. Gormley tripped over a fold in the podium carpet or merely missed a step as she descended. Defendants' expert testified that in his opinion there was nothing unsafe about the carpeted area. Under these circumstances, we cannot say that the jury was clearly wrong in finding the appellant 85% contributorily negligent.
By her third assignment of error, Mrs. Gormley asserts that the jury erred as a matter of law when it awarded her less than the stipulated amount of special damages and failed to award her any general damages. She bases this argument on the premise that the jury's $18,000.00 damage award, which is a total amount not reduced by contributory negligence, reflected only an award for special damages.
*185 The record shows the parties stipulated that the total amount of Mrs. Gormley's medical expenses equalled $18,031.74. This stipulation was reached in order to "avoid about thirteen exhibits" consisting of Mrs. Gormley's medical bills which would have to have been individually introduced into evidence had a more practical and time efficient solution not been agreed to by the parties. On the basis of the trial transcript, we conclude that this stipulation was made solely for the purpose of establishing the total amount of medical expenses claimed by the appellant, and in no way bound defendants to pay these expenses. Waldo v. Toye Brothers Yellow Cab Co., 210 So.2d 125 (La.App. 4th Cir 1968).
Having determined that the jury was not required to award the full amount of stipulated medical expenses, we now address the question of whether the jury erred in awarding the appellant $18,000.00 in total damages. Much discretion is generally left to the judge or jury in the assessment of damages in a tort suit. C.C. Art. 1999, (formerly C.C. art. 1934(3)); Perniciaro v. Brinch, 384 So.2d 392 (La.1980). Before a court of appeal may disturb such an award, the record must clearly reveal that the trier of fact abused its "much" discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). Once an award is found to be insufficient or excessive, the appellate court may examine comparable cases for guidance in determining an appropriate award. Reck v. Stevens, 373 So.2d 498 (La.1979). Even then, an appellate court can only raise (or lower) the award to the lowest (or highest) point which was within the lower court's discretion. Coco, supra.
In the instant case, the jury interrogatories do not state whether the total damage award included damages for general and/or special damages. Nor does the record reflect the portions of the total damage award attributable to special or general damages. In the absence of this information we must review the record to determine whether, on the basis of the injuries sustained, the medical attention received, and evidence of pain and suffering submitted at trial, the trier of fact abused its discretion by awarding $18,000.00 in total damages.
In our review of the record we note that as a result of her fall, Mrs. Gormley underwent two costly surgical operations, (at a combined total cost of almost $15,000.00) one to insert a rod to mend her shoulder fracture, and the other to remove the rod once the fracture had healed. The testimony of the orthopaedic surgeons who performed these operations show that they were necessary to properly treat the injury. As a result of her surgery, Mrs. Gormley was hospitalized for over a month. A long course of physical therapy and return visits to the doctor were also necessary to aid her recovery. The cost of this treatment and the cost of medication account for the remaining $3,000.00 of appellant's medical expenses.
Having scrutinized the record, we conclude that the jury was clearly wrong in awarding less than the amount claimed and documented by the appellant. We find that the medical expenses incurred by Mrs. Gormley were fully warranted by her injuries, particularly in light of her age. We therefore amend the judgment below to grant $18,031.74 in special damages to the appellant.
We next address the issue of an award of general damages. Under our jurisprudence, a jury errs as a matter of law in refusing to award general damages for objective injuries. Curry on Behalf of Curry v. Allstate Ins. Co., 435 So.2d 1030 (La.App. 4th Cir.1983). In this case it does not appear that the jury awarded any general damages. Moreover, if they did, the amount awarded was inadequate and an abuse of discretion.
A review of the case law in this jurisdiction reveals no case which involves injuries of the same nature and extent as those in the present case. However, awards for general damages in reasonably similar cases range from $10,000.00 to $35,000.00. See Rosensweig v. Travelers Ins. Co., 333 So.2d 334 (La.App. 4th Cir 1976); $10,000.00 *186 in general damages awarded for fractured humerus where victim required no surgery but suffered great pain, had arm immobilized in bandages and sustained 10 to 15% permanent disability. Baldwin v. Schwegmann Giant Super Markets, 449 So.2d 167 (La.App. 4th Cir.1984) writ denied, 450 So.2d 967 (La.1984); $12,000.00 in general damages awarded for having sustained a break in the right humerus near the shoulder joint with no permanent disability but occasional pain. Jacks v. Allstate Ins. Co., 463 So.2d 833 (La.App. 2d Cir.1985) writ denied, 466 So.2d 468 (La. 1985); $35,000.00 awarded for pain and suffering and permanent partial disability where middle aged female victim sustained shoulder injury requiring two surgical operations resulting in residual loss of 25% of shoulder mobility and 20% of total shoulder function.
Given these cases, the severity of injury sustained by the appellant, and the prolonged treatment and recovery she underwent, we find that an award of $15,000.00 is the lowest amount which the jury could have awarded for this element of damages without abusing its discretion. Adding this amount to the $18,031.74 previously determined to be the lowest amount of special damages the jury could have awarded brings the total award to $33,031.74. Reck v. Stevens, supra; Coco v. Winston Industries, supra. The actual award to Mrs. Gormley after reduction for her contributory negligence amounts to $4,954.76.
By the appellant's fourth assignment of error, she asserts that the trial court improperly denied her Motion for a New Trial based on the misconduct of an officer of the court. Specifically, the appellant contends that the communications of the trial judge's law clerk with the jury in the jury room during deliberations constituted grounds for a new trial. We disagree.
Not every instance of jury misconduct necessitates the granting of a new trial. Under C.C.P. arts. 1814, 1971, 1972, and 1973, a new trial is mandated only upon a showing that the jury misconduct was of such a grievous nature as to preclude the impartial administration of justice. Bossier v. DeSoto General Hospital, 442 So.2d 485 (La.App. 2d Cir.1983), writ denied 443 So.2d 1122 (La.1984), Peters v. Atlanta Intern. Insurance Co., 469 So.2d 421, (La.App. 3rd Cir.1985), writ denied 474 So.2d 949 (La.1985).
In the present case, the trial judge explained the law clerk's presence in the jury room. It seems that the court was informed that the jury was having difficulty understanding the interrogatories given to them. The law clerk entered the jury room to determine what the difficulty was and then reported the question back to the court. Under such circumstances, we do not find the law clerk's conduct to be of such a grievous nature as to impair the neutrality of the court. Bossier, supra, Peters, supra.
On the basis of the foregoing, we affirm that portion of the jury's verdict which found the appellant 85% contributorily negligent and the appellees 15% negligent, and amend the jury's verdict to provide for a total damage award of $33,031.76, which when reduced by the percentage of fault assigned to appellant, yeilds an award of $4,954.76. The remainder of the judgment is affirmed.
Affirmed in Part and Amended in Part.
LOBRANO and ARMSTRONG, JJ., concur.
WARD, J., concurs with reasons.
REDMANN, C.J., dissents with reasons.
WARD, Judge, concurring.
It is evident that the clear mandatory provisions of La.C.C.P. art. 1796 were violated in this case:
Additional Instructions
A. If the jury, after retiring for deliberation, desires to receive information on any point of law, they shall be conducted to the courtroom.

*187 B. After giving notice to the parties, the court may give the appropriate instructions.
C. The court, after giving notice to the parties, may recall the jury after they have retired:
(1) To correct or withdraw an erroneous instruction.
(2) To clarify an ambiguous instruction.
(3) To inform the jury on a point of law which should have been covered in the original instructions.
(4) To give such further instructions as may be appropriate.
I note particularly Comment (b) to Article 1796 which states that the purpose for the article is to protect the parties by giving them an opportunity to object to the additional instructions. The purpose was not fulfilled by the judge's law clerk going into the jury room during the deliberations and explaining the interrogatories to the members of the jury, outside the hearing of all parties and counsel. The prejudice to Mrs. Gormley's rights is apparent from the jury's answers to the interrogatories which, as the majority opinion explains, indicate that the jury might well have misunderstood the elements of damages.
Article 1796, unfortunately gives us a rule without a remedy for its violation. Gormley has suggested that a new trial, required by C.C.P. art. 1972(3) for jury misconduct, is appropriate. While I believe that under appropriate circumstances, reversal and remand for a new trial might be justified, I believe that the peremptory grounds for a new trial should be strictly construed. I would not reverse and remand in this case where the motion for a new trial was not made at the time the misconduct occurred but later, after the plaintiff received an unfavorable verdict.
Accordingly, I am satisfied that, in recasting the damages, this Court has cured the prejudice apparently caused by the Trial Court's violation of La.C.C.P. art. 1796.
LOBRANO, Judge, concurring.
I concur in the increased award for the reasons assigned by Judge Ward.
ARMSTRONG, Judge, concurring.
I concur for the reasons assigned by Judge Ward.
REDMANN, Chief Judge, dissenting.
I find in this record no basis in tort law for holding defendants liable for plaintiff's severely injurious fall. Defendants did not appeal, and therefore the judgment against them cannot be reversed; but it should not be increased.
The only apparent basis for the jury's finding that defendant building-owner was 15% at fault was that the three steps up to the dais in its meeting room were carpeted just as the dais and the floor itself were, and the carpeting had padding underneath. It is not established, however, that the steps' being carpeted rather than bare was a cause-in-fact of this unfortunate accident, for one can as well fail to keep one's foot high enough to clear a bare stair-top as a carpeted one. It is conceivable that one who catches one's heel on a carpeted stair's top is slightly more likely to fall than one who catches one's heel on an uncarpeted stair's top; but that conceivably slightly greater likelihood does not justify a holding that a building owner has a duty to others not to have padded carpeting on steps.
I would therefore affirm the judgment appealed from.