557 So.2d 321 (1990)
Christine SEARLE
v.
The TRAVELERS INSURANCE COMPANY and Jack Eckerd Corporation, et al.
No. 89-CA-0743.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
*322 Birdsall, Rodriguez, Robelot & Kehoe, Patrick G. Kehoe, Jr., New Orleans, for plaintiff/appellee.
William H. Syll, Jr., Law Offices of James J. Morse, New Orleans, for Travelers Ins. and Jack Eckerd Corp., appellants.
Before SCHOTT, C.J., and LOBRANO and PLOTKIN, JJ.
PLOTKIN, Judge.
Defendants Travelers' Insurance Co. and Jack Eckerd Corp. appeal the trial court's denial of their motion for new trial based on alleged juror misconduct. We affirm.
Facts:
Plaintiff Christine Searle was injured October 17, 1986 when an employee of an Eckerd's Drugstore on Canal Street dropped a barbecue pit on her head. She suffered injury to her back, head and neck. She filed suit against Jack Eckerd Corp. and its insurer, Travelers' Insurance Co.
At the end of plaintiff's case, counsel for the defendants, William Syll, made a motion for mistrial. He made a formal statement in support of his motion in which he indicated that he had been informed that the secretary for plaintiff's counsel, who had been sitting at the counsel table during the trial, had been seen in close proximity to two jurors during a break in the trial. Mr. Syll indicated that he brought the incident to the attention of the trial judge, who questioned the secretary in chambers, in the presence of attorneys for both sides. The secretary admitted that one of the *323 jurors had asked her how long the trial was going to take. She stated that she responded to the question, but indicated that she did not know the answer.
Mr. Syll admitted that the contact described by the secretary was innocuous, but indicated that the fact the incident occurred might indicate that the jurors were comfortable talking to someone associated with the plaintiff. Specifically, he argued that the "colloguy speaks volumes for intent and relationship." Beyond that rather nebulous statement, he failed to indicate how the incident might have prejudiced his clients.
The trial judge admonished the secretary for her action, but refused to rule formally on the motion for mistrial until after the jury was dismissed. After the jury returned its verdict awarding the plaintiff $150,000 against Jack Eckerd Corp., the trial judge questioned the jurors allegedly involved in the incident. The record reveals that the three jurors all indicated that they were not sure that they remembered any conversation with the secretary, then nodded affirmatively when the judge asked, "There was no discussion in any way, shape or form about this case?" After the jury was dismissed, the trial judge denied the motion for mistrial.
Defendants then filed a motion for new trial, which was denied. Defendants appeals on that issue only, not contesting liability or quantum.
Motion for Mistrial
The Louisiana Code of Civil Procedure does not expressly provide for mistrials, and the jurisprudence concerning motions for mistrial is limited. Generally, mistrials are properly granted because of some fundamental failure in the proceeding. 76 Am.Jur.2d, Trial Sec. 1073. It is well settled in Louisiana law that a motion for mistrial in a civil case should be granted under the following circumstances: (1) when, before the trial ends and the judgment is rendered, the trial judge determines that it is impossible to reach a proper judgment because of some error or irregularity and (2) where no other remedy would provide relief to the moving party. Spencer v. Children's Hospital, 432 So.2d 823, 826 (La.1983); Streeter v. Sears, Roebuck & Co., 533 So.2d 54, 62 (La.App. 3d Cir. 1988), writ denied 536 So.2d 1255 (La. 1989). Motions for mistrial should also be granted upon proof of prejudicial misconduct occurring during a jury trial, which cannot be cured by admonition or instructions. 76 Am.Jur.2d, Trial Sec. 1072.
A trial court is granted great discretion in determining whether to grant a mistrial since mistrials are not a matter of right. Id. at Sec. 1072. Therefore, it is extremely difficult to formulate rules as to what specific circumstances should result in a mistrial. Id. at Sec. 1073. For that reason, it is extremely important that trial judges follow some guidelines in determining whether to grant or deny a motion for mistrial, so that appellate courts have an opportunity to review the decision. Therefore, when a party requests a mistrial in a civil case, the following procedural guidelines should be followed:
1. The jury shall be excused from the courtroom or be sequestered out of the presence of the party making the motion.
2. The moving party shall state the specific grounds for his motion for mistrial on the record.
3. The court shall conduct a formal hearing on the record or shall allow the moving party the opportunity to prove the grounds asserted for mistrial by offer of proof, or proffer, the testimony of the movant and all relevant evidence of those who claim to have been influenced or prejudiced as a result of the alleged misconduct.
4. The judge shall state on the record his findings of fact and conclusions of law in ruling on the motion for mistrial.
In the area of alleged juror misconduct, the mere violation of a sequestration order does not compel that a mistrial be declared. 76 Am.Jur.2d, Trial Sec. 1073. Although improper remarks or conduct of counsel and misconduct of jurors are common causes for granting a motion for mistrial, that rule is not absolute. Whether a motion for mistrial based on juror misconduct should be granted is generally *324 controlled by the following principles:
A party may move to withdraw a juror or for a mistrial based upon the misconduct of a juror where that misconduct is of such nature as reasonably to indicate that a fair and impartial trial cannot be had, as where a juror has accepted favors from a party, counsel, or an interested person. In other words, contact or communication between a juror and a party or counsel during the trial of a civil action is a sufficient ground for the declaration of a mistrial where it appears that the act or occurrence in question is potentially, or may have been actually, prejudicial to the complaining party. It has also been held that such relief will be granted where it appears that a communication or opportunity therefor was such as to create or justify a reasonable doubt or apprehension as to the fairness of the trial.
It may be stated generally that contact or communication between a juror and an outsider is not in all cases a sufficient ground for the ordering of a mistrial, since the conclusion may depend upon or be affected by various considerations. And it has been held that mere social contact between a juror and a litigant or other interested person not of a prejudicial nature does not warrrant a discharge of the jury, such as where a witness "treats" one or more of the jurors while the trial is in progress. While the courts have repeatedly stressed the fact that there should be no communication between witnesses and jurors during the progress of the trial, the rule is quite general that mere communication between witnesses and jurors in a civil action is not ground for the setting aside of the verdict in the absence of a showing that the jurors were influenced by such communication to the prejudice of one of the parties to the action. Remarks made by, or questions of, a juror to a witness do not in themselves show a prejudicial effect requiring the declaring of a mistrial.
Id. at Sec. 1075. (Footnotes omitted.)
Although the trial judge in the instant case did not follow all of the above guidelines for making a record of his decision to deny the motion for mistrial, it is clear from the record that the alleged juror misconduct complained of by the defendant here did not rise to the level necessary to compel the declaration of a mistrial. Defense counsel went to some length to make a record so that this court would have an opportunity to review the trial judge's decision. Although the judge's questioning of the secretary is not on the record, the essence of that testimony was summarized in Mr. Syll's soliloquy. After reviewing that evidence, as well as the court's questioning of the jurors involved, we hold that the trial judge's decision to deny the motion for mistrial was not an abuse of his great discretion. Mr. Syll admitted on the record that the contact, as described by secretary upon questioning by the judge, was innocuous. We agree. There is nothing in the record to indicate that the secretary did anything more than indicate to the juror that she did not know how long the trial was going to take. The incident was purely happenstance, a social contact. Therefore, we affirm the denial of the motion for mistrial.
Motion for New Trial
La.C.C.P. art. 1972, which establishes peremptory grounds for the granting of a new trial, provides, in pertinent part, as follows:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
. . . . .
(3) When the jury has been bribed or has behaved improperly so that impartial justice has not been done.
Certainly there is nothing in the record of the instant case to indicate that any of the jurors was actually bribed. Therefore, the only relevant question for determining whether the trial judge had a duty to grant a motion for new trial is whether any of the jurors "behaved improperly so that impartial justice has not been done."
*325 As indicated in the above section, the record in the instant case does not support a finding that the contact between the secretary for plaintiff's counsel and the three jurors in question made it impossible for impartial justice to be had in this case.
Additionally, a review of the relevant jurisprudence indicates that simple contact between a juror and an interested party is not sufficient to require the granting of a motion for new trial. See Gormley v. Grand Lodge, 503 So.2d 181 (La.App. 4th Cir.), writ denied 506 So.2d 1227 (La.1987); Peters v. Atlanta International Ins. Co., 469 So.2d 421 (La.App. 3d Cir.), writ denied 474 So.2d 949 (La.1985); Kollet v. Baggot, 400 So.2d 1085 (La.App. 1st Cir. 1981). The plaintiff seeks to distinguish all of the above cases on the fact that in the previous cases, either the complaining party failed to make a timely objection to the misconduct or the problem was corrected by the trial judge, usually by the removal of the juror allegedly involved in the misconduct.
We have reviewed all the cases cited above and find that the jurisprudence does not indicate that either the failure to timely object or the trial judge's decision to remove a juror was a deciding factor. The important question in all of the above cases was whether the alleged juror misconduct was such that impartial justice was not done. In every case, the trial court, and then the appellate court, concluded that the contact between the juror and the interested party did not create prejudice against the moving party which precluded the administration of impartial justice.
In the instant case, there is no showing that the conversation between the three jurors and the secretary of plaintiff's counsel resulted in prejudice against the defendant's case. The defendants argue that the fact the conversation took place indicates that the jurors were "comfortable" with persons associated with the plaintiff. However, they fail to indicate how this fact, if true, prejudiced their case. If the jurors were feeling more favorable to the plaintiff's case, this feeling existed prior to the conversation and was not created by the fact that the conversation took place. Additionally, the secretary's answers to the judge's questions, as described by Mr. Syll, indicated that she did not help the jurors; in fact, she did not even answer their question, but simply said, "I don't know." Such a non-responsive answer, though technically improper, cannot be viewed as an attempt to curry the favor of the jurors.
Accordingly, the trial court's judgment denying the defendants' motion for new trial is affirmed.
AFFIRMED.
SCHOTT, C.J., concurs with opinion.
SCHOTT, Chief Judge, concurring:
In Spencer v. Children's Hosp., 432 So.2d 823, 825 (La.1983) the court noted that a motion for mistrial is not unknown in civil cases in Louisiana, citing numerous appellate decisions, and concluded that this procedural device is not precluded when no other remedy would afford relief.
A party is entitled to a new trial when the jury has behaved improperly so that impartial justice has not been done. C.C.P. art. 1972(3). Thus, in the instant case appellants had a remedy in the event that the jury returned a verdict which they believed to be tainted.
Appellants' motion for mistrial served an important purpose because it provided the trial judge with an opportunity to consider the probable effect on the trial of the incident between the secretary and the witnesses before he allowed the trial to continue. Had appellants failed to make the motion their objection may have been waived. But the trial court has great discretion in considering such a motion because, as in this case, he has already impaneled a jury and the trial has already been in progress for some time. Allowing the trial to continue made good sense because the end result may have been favorable to appellants and this argument never brought up. By continuing the trial the judge avoided wasting whatever time and effort had been expended and at the same time appellants' rights would be fully protected by the motion for *326 a new trial in the event they were dissatisfied with the verdict.
As to their entitlement to a new trial appellants have failed to establish that this exchange between the secretary and the jurors constituted jury misconduct of such a grievous nature as to preclude the impartial administration of justice so as to mandate a new trial under C.C.P. art. 1972(3). Gormley v. Grand Lodge of State of La., 503 So.2d 181, 186 (La.App. 4th Cir.1987) writ denied 506 So.2d 1227.