JAMES C. GULOTTA, Judge Pro Tem.
Plaintiff Donald Lewis appeals a jury verdict in favor of defendants CNA Insurance Co. and Time Saver Stores, Inc., claiming that the district court erred in denying his motion for mistrial because of a single evidentiary question on cross-examination relating to an unexecuted search warrant for the plaintiff.
Lewis testified that he injured his back and head in the defendants’ store when he slipped and fell backwards as he walked past three-foot high bags of merchandise stacked against the shelf near the soft *443 drink cooler. This unwitnessed accident allegedly occurred inside the Time Saver Store on April 29, 1986 at 10:30 p.m.
During the plaintiffs direct examination, his counsel initiated a series of detailed questions designed to bolster Lewis’ credibility. He first asked Lewis about his prior claims and injuries. Lewis admitted that he settled a personal injury claim against NOPSI in 1984 and that he had also settled a worker’s compensation claim. He also admitted that subsequent to the incident giving rise to the instant claim, he was shot in the face, jaw, and neck while sleeping at a poker game.
Plaintiff’s counsel then proceeded to interrogate the plaintiff about his illegal drug history and activity. Lewis confessed on direct examination that he had used illegal drugs two or three times a week and that he was admitted to the detoxification program at Charity Hospital of New Orleans on two occasions. Counsel concluded this line of questioning by asking, “Were you drug free at the time of the accident?”
Plaintiff’s counsel next inquired into plaintiff’s prior arrest and conviction record. He elicited testimony from the plaintiff that he specifically had never been arrested for theft, burglary, robbery, or forgery. Plaintiff admitted that he had been arrested and convicted of possession of marijuana twelve to fifteen years before.
On cross-examination, without objection, the plaintiff admitted that he used cocaine and heroin on and off from 1980 to 1988.
However, defense counsel also asked Lewis the following question on cross-examination: “[A]re you aware a warrant is currently out for your arrest for distribution of crack?” The plaintiff answered, “No.” Counsel for Lewis immediately moved for a mistrial. After a conference in chambers, the trial judge ruled that the question was proper and denied Lewis’ motion.
On re-direct examination, Lewis testified that he was unaware of a warrant for his arrest, that he lived at his mother’s house, and that he had been stopped by police officers in the neighborhood, but he insisted that he had never been arrested.
Lewis contends on appeal that the trial judge committed reversible error in denying the motion for mistrial. He argues that the form of the question and the answer implied that an arrest warrant did exist at the time of trial, which he claims is tantamount to testimony by defense counsel. Even though he answered “No,” Lewis claims that the question created the inference that he was a drug dealer.
Time Saver responds to these contentions by arguing that Lewis himself placed his character at issue during direct examination. He offered testimony concerning his prior criminal history, including an admission of a prior conviction for drug possession. He acknowledged that he had engaged in intravenous cocaine and heroin abuse for seven or eight years, that he was admitted to Charity Hospital for treatment of his drug addiction on two occasions, and that he had neither been employed nor filed income tax returns since 1981 or 1982. Under these circumstances, the jury was entitled to know on cross-examination that Lewis was the subject of an outstanding warrant for arrest, the defendant claims.
Lewis answers this argument by contending that he did not open the door wide enough to expand the scope of cross-examination to include questions about an unexe-cuted arrest warrant. He claims that the questions asked on direct related to prior arrests or were limited to various types of theft offenses. He claims that no discussion of drug arrests were included, much less any discussion of an unexecuted arrest warrant, which is less even than an arrest.

Motion for Mistrial

This court summarized the standards applicable to review of a denial of a motion for mistrial in Searle v. Travelers Insurance Co., 557 So.2d 321, as follows:
The Louisiana Code of Civil Procedure does not expressly provide for mistrials, and the jurisprudence concerning motions for mistrials is limited. Generally, mistrials are properly granted because of some fundamental failure in the proceeding. 76 Am.Jur.2d, Trial Sec. 1073. It *444 is well settled in Louisiana law that a motion for mistrial in a civil case should be granted under the following circumstances: (1) when, before the trial ends and the judgment is rendered, the trial judge determines that it is impossible to reach a proper judgment because of some error or irregularity and (2) where no other remedy would provide relief to the moving party. Motions for mistrial should also be granted upon proof of prejudicial misconduct occurring during a jury trial, which cannot be cured by admonition or instructions.
A trial court is granted great discretion in determining whether to grant a mistrial since mistrials are not a matter of right.
Id. at 323. (Citations omitted.)
Therefore, in the instant case, the trial court judgment denying the motion for mistrial may be reversed only if this court makes one of the following findings: (1) that the conduct plaintiff complains of made it impossible for the jury to reach a proper verdict, (2) that no other remedy would provide relief to the plaintiff, or (3) that the admission of the question resulted in “prejudicial misconduct” to the plaintiff. For the reasons to follow, we find that none of these requirements are present in the instant case.

Admission of Question About Arrest Warrant

La.C.E. art. 609 permits introduction of evidence of a criminal conviction in a civil case under limited circumstances. However, subsection (F) of that article specifically prohibits the introduction of “[e]vi-dence of arrest, indictment, or prosecution of a witness ... for the purpose of attacking his credibility.” Evidence of an unexe-cuted arrest warrant is not addressed by the article. On the other hand, La.C.E. art. 607(C) permits parties to attack the credibility of a witness on cross-examination by questioning him “concerning any matter having a reasonable tendency to disprove the truthfulness or accuracy of his testimony.”
In the instant case, the plaintiff presented testimony on direct examination concerning his past arrest record. This information was presented in conjunction with testimony concerning the plaintiffs past drug use and treatment, in an obvious attempt to bolster the plaintiffs credibility. Under the circumstances, we find that the question posed by defense counsel was within the proper scope of cross-examination under the provisions of La.C.E. art. 607(C). Since the plaintiff elected to present evidence which normally would have been inadmissible against him under the provisions of La.C.E. art. 609, the defendants should not be prohibited from cross-examining on those same issues or on related issues. The defendants were entitled to question the plaintiff about this matter because, under the circumstances created by the plaintiff himself, the testimony had a “reasonable tendency to disprove the truthfulness or accuracy of [the plaintiffs] testimony.”
Additionally, the jurisprudence establishes that the admission of testimony in violation of La.C.E. art. 609 does not necessarily constitute reversible error. In Shepard v. State Farm Mutual Automobile Insurance Co., 545 So.2d 624 (La.App. 4th Cir.1989), this court found that direct questions concerning the defendant’s prior arrests constituted harmless error, despite the fact the questions were improper, primarily because the trial judge sustained defense objections to the questions and admonished the jury to disregard the questions.
Although the trial judge did not admonish the jury to disregard the complained of cross-examination question, we cannot say this question by defendant of plaintiff can properly serve as the basis for granting a motion for mistrial in the instant case.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.