| iBYRNES, Judge.
Applicant/Defendant, American Airlines, Inc. invokes the supervisory jurisdiction of this court to review the granting of a mistrial at the request of the respondent which applicant contends was improvidently granted. We grant writs and reverse.
This is a slip and fall case. Respondent was injured while deplaning from one of relator’s airplanes.
The leading and most often cited case on the question of mistrials is that rendered by this Court in Searle v. Travelers Insurance Company, 557 So.2d 321, 323 (La.App. 4 Cir.1990):
The Louisiana Code of Civil Procedure does not expressly provide for mistrials, and the jurisprudence concerning motions for mistrial is limited. Generally, mistrials are properly granted because of some fundamental failure in the proceeding. 76 Am.Jur.2d, Trial See. 1073. It is well settled in Louisiana law that a motion for mistrial in a civil case should be granted under the following circumstances: (1) when, before the trial ends and the judgment is rendered, the trial judge determines that it is impossible to reach a proper judgment because of some error or irregularity and (2) where no other remedy *304 would provide relief to the moving party. Spencer v. Children’s Hospital, 432 So.2d 823, 826 (La.1983); Streeter v. Sears, Roebuck & Co., 533 So.2d 54, 62 (La.App. 3d Cir.1988), writ denied 536 So.2d 1255 (La.1989). Motions for mistrial should also be granted upon proof of prejudicial misconduct occurring during a jury trial, which cannot be cured by admonition or instructions. 76 Am.Jur.2d, Trial Sec. 1072.
A trial court is granted great discretion in determining whether to grant a mistrial since mistrials are not a matter of right. Id. at See. 1072. Therefore, it is extremely difficult to formulate rules as to what specific circumstances should result in a mistrial. Id. at Sec. 1073. For that reason, it is extremely important that trial judges follow some guidelines in determining whether to grant or deny a motion for mistrial, so that appellate courts have an opportunity to review the decision. Therefore, when a party requests a mistrial in a civil case, the following procedural guidelines should be followed:
J * * * ⅜ * ⅜ L
4. The judge shall state on the record his findings of fact and conclusions of law in ruling on the motion for mistrial.
At the outset we note that the trial judge failed to state “on the record [her] findings of fact and conclusions of law in ruling on the motions for mistrial.” Following Searle this is reason enough to warrant reversal.
Additionally, we note that none of the reasons suggested by respondent are sufficient to justify a mistrial. Respondent complains primarily that relator read from the depositions of plaintiff and her husband without laying a proper foundation and without showing any inconsistencies between their trial testimony and their deposition testimony. For example, according to the trial transcript in deposition Mrs. Ghanaee stated that she didn’t remember a side handle on the ramp. At trial she said: “I didn’t see a handle, I’m sorry.” It is perhaps a fine point, but not remembering and not seeing are two different things. The statement at trial may prove something about the handle, whereas the statement in the deposition proves nothing about the handle. This use of the deposition at trial by the defense furnishes no basis for a mistrial.
In some instances relator appears to have been nitpicking. However, in reviewing the transcript we feel that where nitpicking was involved it was obvious to the jury.
Where more serious issues are concerned we do not believe that respondent can prevent relator from raising certain questions. In view of the testimony by the Ghanaees that they had such a close marital relationship, it seems only natural for relator to question why Mr. Ghanaee was unaware that Mrs. Ghanaee has been injured in another accident and filed suit. It also seems reasonable for relator to question why Mrs. Gha-naee had failed to mention other injuries in response to interrogatories.
When Mr. Ghanaee answered “No” when asked “Have you ever been injured yourself?” relator was entitled to challenge Mr. Ghanaee’s explanation that he never meant to say he had never been injured, but rather, that he was saying only that he had never caused injury to himself.
We fail to see where respondent has made a showing that she had been improperly prejudiced by the scope of relator’s cross-examination. One way or another these are issues that were bound to come out in the trial.
_JjMost of what respondent complains of that might be objectionable can best be characterized as argumentative or badgering of witnesses. Although objectionable and we do not condone it, we recognize that it is also common. Our review of the transcript indicates that the trial court intervened where necessary to prevent relator from persisting in such efforts and they do not form a basis for mistrial.
A mistrial is a drastic remedy. Barnes v. Thames, 578 So.2d 1155, 1161 (La.App. 1 Cir.1991). It should be employed only sparingly, when no other remedy is available. Although the decision to declare a mistrial is a matter normally within the discretion of the trial court, we find that in this case that discretion was abused. Respon *305 dent retains her right to raise these issues again on appeal.
For the foregoing reasons the judgment of the trial court declaring a mistrial is reversed.
REVERSED.