NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-658

WILLIE BUARD, ET AL.

VERSUS

COLFAX TREATING COMPANY, LLC, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,915
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

AFFIRMED.

Raymond L. Brown, Jr.
Samuel Newman Poole, Jr.
Edward E. Rundell
Charles Stovall Weems, III
Gold, Weems, Bruser, Sues & Rundell
Post Office Box 6118
Alexandria, LA 71307-6118
(318) 445-6471
Counsel for Defendants/Appellees:
    Colfax Treating Company, L.L.C.
    Roy O. Martin Lumber Company, L.L.C.

**Richard J. Arsenault**
**Paul J. Tellarico**
**John Randall Whaley**
**Neblett, Beard & Arsenault**
**P.O. Box 1190**
**Alexandria, LA 71309**
**(318) 487-9874**
**Counsel for Plaintiffs/Appellants:**
**Chad and Donna Tarver, et al.**

**Hunter W. Lundy**
**Lundy, Lundy, Soileau & South, LLP**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0907**
**Counsel for Plaintiffs/Appellants:**
**Chad and Donna Tarver, et al.**

**James P. Ryan**
**Morrow, Morrow, Ryan & Bassett**
**P.O. Drawer 1787**
**Opelousas, LA 70571**
**(337) 948-4483**
**Counsel for Plaintiffs/Appellants:**
**Chad and Donna Tarver, et al.**

**Gary Hays**
**Attorney at Law**
**1103 Main Street**
**Pineville, LA 71360**
**(318) 443-9244**
**Counsel for Plaintiffs/Appellants:**
**Chad and Donna Tarver, et al.**

**DECUIR, Judge.**

Plaintiffs, Donna and Chad Tarver and their minor children, Dylan and Luke (Tarvers), appeal a judgment of the trial court denying their motion for new trial.

## FACTS

The Tarvers lived adjacent to an industrial plant, operated by Colfax Treating Company, L.L.C. and Roy O. Martin Lumber Company, L.L.C. (Colfax), in Pineville from October, 1998 through February, 2003. Colfax produces preservative treated utility poles and other wood products and has done so for over fifty years.

The Tarvers filed suit alleging that they were exposed to harmful chemicals which adversely affected the health of their children. Neither party disputes that the Tarvers experienced at least minor exposure to chemical emissions. The disputed issues were medical causation and whether the dose exposure was sufficient to contribute to the medical conditions alleged. A unanimous jury ruled in favor of Colfax. The Tarvers filed a motion for new trial based on alleged juror misconduct. The motion was denied by the trial court. The Tarvers lodged this appeal.

## JUROR MISCONDUCT

The Tarvers allege that the trial court erred in failing to grant their motion for new trial. They contend that a juror, Jennifer Peterman (Peterman), responded falsely to a voir dire question and, therefore, improperly biased the jury.

In discussing motions for new trial related to juror misconduct this court in *Uriegas v. Gainsco*, 94-1400, pp. 13-14 (La.App. 3 Cir. 9/13/95), 663 So.2d 162, 170, *writ denied*, 95-2485 (La. 12/15/95), 664 So.2d 458, said:

> A decision to deny a motion for new trial based upon jury misconduct is reviewed pursuant to an abuse of discretion standard. *Wright v. Hirsch,* 560 So.2d 835 (La.1990). Peremptory grounds for granting a new trial in a civil jury case are present if it is shown that the jury was

bribed or behaved improperly so that impartial justice has not been done. La.Code Civ.P. art. 1972(3). Otherwise, a trial judge is granted wide discretion in allowing or denying the motion. La.Code Civ.P. art. 1973. Improper behavior by a juror or jury is not defined and must be determined by the facts and circumstances of each particular case. *Green v. Dupre*, 520 So.2d 761 (La.App. 3 Cir. 1987), *writ denied*, 522 So.2d 568 (La.1988); *Blandino v. Brown Erection Co.*, 341 So.2d 577 (La.App. 2 Cir.1977).

The possibility that the decision making process was tainted by an outside influence should not be overlooked as insignificant. *Willis v. Louisiana Power & Light Co.*, 524 So.2d 42 (La.App. 2 Cir.), *writ denied*, 525 So.2d 1059 (La.1988). However, not every instance of jury misconduct necessitates the granting of a new trial. *Gormley v. Grand Lodge*, 503 So.2d 181 (La.App. 4 Cir.), *writ denied*, 506 So.2d 1227 (La.1987). Instead, the burden falls upon the mover to prove that the level of behavior was of such a grievous nature as to preclude the impartial administration of justice. *Id.*

In this case, Peterman was asked if she knew or had any affiliation with Colfax's counsel, Ray Brown. Peterman responded in the negative and was subsequently seated as a juror and was selected as jury foreman.

After trial, the Tarvers became aware that Ray Brown's wife attended the trial on several occasions. In the course of such attendances, she and Peterman recognized each other. Peterman did not report this to the court.

The Tarvers filed a motion for new trial and request for discovery. The trial court allowed limited discovery and questioning of Peterman regarding her relationship to Ray Brown's wife. In the course of that discovery, it was revealed that more than a decade before this trial, Peterman had worked as a part time court reporter on social security claims in which Ray Brown's wife was involved as counsel. The two became acquainted but drifted apart before ever discussing spouses. Discovery revealed no contact between the two in the ensuing years. The trial court denied the motion for new trial.

Our review of the record reveals no behavior "of such a grievous nature as to preclude the impartial administration of justice." The trial court did not abuse its discretion in denying the motion for new trial.

## ADMISSIBILITY OF EXPERT TESTIMONY

The Tarvers allege that the trial court erred in permitting cumulative and prejudicial testimony by the Colfax's expert witnesses.

In *Langlinais v. Dearman*, 07-44, p. 10 (La.App. 3 Cir. 5/30/07), 957 So.2d 945, 951, this court discussed the admission of cumulative evidence as follows:

> While the trial court is afforded great discretion in determining the admissibility of expert witness testimony, when that testimony may prove to be cumulative the trial court should make sure that the testimony fulfills three conditions:
>
> > The first condition questions the relevance of the testimony to be elicited. The second seeks to ascertain that the fact finder will be aided by the testimony. The third, balancing the probative value of this testimony against substantial prejudice, confusion, or inefficiency, guards against undue removal of reason from the fact finding process, as well as waste. Want of any of the three is fatal to admission of an expert's unbridled testimony.
>
> *Frederick* [*v. Woman's Hosp. of Acadiana*,] 626 So.2d [467 (La.App. 3 Cir. 1993] at 471.
>
> Keeping these conditions in mind, we must remember our standard for reviewing the trial court's decision on the motion *in limine*. "The admission of cumulative evidence is at the trial court's discretion." *Mitchell v. Limoges,* 05-832, p. 3 (La.App. 3 Cir. 3/1/06), 923 So.2d 906, 908, *writ denied*, 06-723 (La. 6/16/06), 929 So.2d 1285.

In this case, the Tarvers contend the trial judge improperly allowed Colfax to put on an excessive number of cumulative witnesses for the purpose of confusing the jury. We have carefully reviewed the record and find that the trial judge allowed eleven expert witnesses for each side. Though the various specialties of Colfax's experts do not exactly coincide with those of the Tarvers, the trial court

3

clearly acted within its discretion in allowing their testimony. The Tarvers had ample opportunity to cross examine and demonstrate any deficiencies in the qualifications or conclusions of the various experts. Accordingly, we find no abuse of discretion in the trial court's admission of the testimony of Colfax's expert witnesses.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to the Tarvers.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.