GOTHARD, Judge.
This appeal arises from an action for declaratory judgment filed by the testamentary executrix of a succession and seeking interpretation of an olographic will. The executrix has appealed the court’s interpretation of a provision of the will, and the heirs at law have answered the appeal.
Antoine Pierre Burguieres died in Me-tairie on February 29, 1988. The decedent left an olographic will[1] dated February 5, 1987 in which he named as executrix his wife, Angelica Bolinger Burguieres, and bequeathed to her most of his estate. He was survived by several siblings and a niece and nephew but made only one bequest to collaterals, in favor of his three disabled brothers, John Paul Burguieres, William Withnell Burguieres, and C. Patout Burguieres, Jr.,[2] of whom the decedent’s sister, Barat Burguieres Pollingue, was cu-ratrix. The will contains no residuary clause.
The appellant contests only one item, which appears in the reasons for judgment of the trial court: that a usufruct over the decedent’s stock held in the J.M. Burgui-eres Company, Ltd. as of February 5, 1987, except for the voting rights, is listed as an asset not specifically bequeathed by will and “is inherited by the decedent’s heirs at law, in accordance with the rules of intestacy.”
In answering the appeal the appellee contests two rulings: 1) that Angelica Burgui-eres, “under the will, is entitled to the decedent’s interest in the Jules M. Burgui-eres estate subject to a usufruct of one-half thereof in favor of the decedent’s three brothers;” and 2) the court’s order that all costs of the declaratory judgment proceeding are to be paid by the succession.
LSA-C.C. art. 1712, 1713, 1714, and 1715 contain the basic principles for interpretation of wills:
Art. 1712. Intention of testator
In the interpretation of acts of last will, the intention of the testator must principally be endeavored to be ascertained, without departing, however, from the proper signification of the terms of the testament.
Art. 1713. Sense which gives effect
A disposition must be understood in the sense in which it can have effect, rather than that in which it can have none.
Art. 1714. Ambiguity as to legatee
In case of ambiguity or obscurity in the description of the legatee, as, for instance, when a legacy is bequeathed to one of two individuals bearing the same name, the inquiry shall be which of the two was upon terms of the most intimate intercourse or connection with the testator, and to him shall the legacy be decreed.
Art. 1715. Interpretation to ascertain intent
When, from the terms made use of by the testator, his intention can not be ascertained, recourse must be had to all circumstances which may aid in the discovery of his intention.
The court must interpret the will as written, and testamentary dispositions cannot be established by parol evidence as to the verbally declared intentions of the deceased. Extrinsic evidence may be used on a limited basis to determine what the testator’s words mean but not to rewrite the will. Carter v. Succession of Carter, 332 So.2d 439 (La.1976); Succession of Merritt, 581 So.2d 728 (La.App. 1 Cir.1991), writ denied 584 So.2d 1165 (La.1991).
At the hearing of the motion Angelica Burguieres testified that she and the decedent began living together in 1970 and were married in 1986. Before Burguieres wrote the 1987 will he had told her he wanted to leave her all he had. The collateral heirs maintain that it was his intent to leave his wife only the naked ownership of the stock in J.M. Burguieres Company, Ltd. and of his interest in the Jules Burguieres *866 estate; furthermore he intended that a usu-fruct over both assets would go to his brothers and sisters.
The disputed provisions of the 1987 will read as follows:
I will and bequeath the naked ownership and voting rights of all shares of the J.M. Burguieres Company, Ltd., Stock, naked ownership of l/26th Interest in the Estate of my late Uncle Jules M. Burguieres to my lawful and faithful wife, Mrs. Angelica G. Bolinger Burgui-eres.
I will and bequeath to my three disabled brothers: C. Patout Burguieres Jr., John Paul Burguieres and William With-nell Burguieres the usufruct of one-half of my interest in Uncle Jules M. Burgui-eres estate, to be divided equally until the last of these become deceased all in full trust of my wife Angelica G. Bolinger Burguieres.

Usufruct of Burguieres Company Stock to Heirs at Law

LSA-C.C. art. 544 provides, in pertinent part, that:
Usufruct may be established by a juridical act either inter vivos or mortis causa or by operation of law. The usu-fruct created by juridical act is called conventional; the usufruct created by operation of law is called legal.
[[Image here]]
The testament did not create a usufruct and the collateral heirs do not fall into any of the categories noted in the comments to article 544 as examples of legal usufructs. We find that by ruling that a usufruct over the stock should pass intestate to the legal heirs, the court has in essence rewritten the will.
The problem in Burguieres’ will lies in the testator’s use of the term “naked ownership.” In Succession of Jones, 369 So.2d 1143 (La.App. 1 Cir.1979), a previously revoked will of the testator was admitted to aid the court in interpreting the last will and testament. Burguieres’ 1982 and 1983 wills were drawn up by his attorney and contained several provisions for the division of property into naked ownership and usufruct. Burguieres apparently used the terminology in writing the 1987 will.
In both the earlier wills the stock was bequeathed to the brothers and sisters; however, in a codicil to the June 3, 1982, handwritten on September 16, 1982 in the presence of his attorney and two witnesses, the testator provided that the naked ownership would be subject to the “full usufruct of said stock for life” to his mother and father. In the August 11, 1983 statutory will he bequeathed the naked ownership and voting rights of all shares of Burgui-eres’ stock to his siblings, and the usufruct except for voting rights to his parents. The 1987 will, written after his marriage in 1986 and the deaths of his parents, drastically changed the disposition of property by naming as legatees no siblings other than the three disabled brothers and bequeathing the stock including voting rights to his wife.
We find no jurisprudence suggesting that the court may provide for a usufruct when the testament has bequeathed ownership of property to a legatee and mentions no usufruct over the property. The appellees rely upon a footnote in Professor Yiannopoulos’ discussion of testamentary usufruct,[3] which states that the naked ownership vests in the legal heirs when the testator has bequeathed a usufruct over his property to a named legatee but has not disposed of the naked ownership, as in Succession of McCrary, 246 So.2d 899 (La.App. 3 Cir.1971), writ refused 258 La. 770, 247 So.2d 866 (La.1971). In the case before us, Burguieres disposed of the ownership to a legatee. The fact that he inserted the word "naked” before "ownership,” standing alone, does not signify an intent to leave a usufruct to his legal heirs.
Accordingly, we find that the trial court erred in stating in Reasons for Judgment that property not specifically bequeathed in *867 the will includes usufruct over all the decedent’s stock in the J.M. Burguieres Company, Ltd. except the voting rights. We hold that the bequest of the stock to Angelica Burguieres is of full ownership, unburdened by a usufruct.

Usufruct Over Decedent’s Interest in Jules Burguieres’ Estate

The court declared Angelica Burgui-eres to be entitled to:
The naked ownership of the decedent’s one twenty-sixth (Vkth) interest in the estate of Jules M. Burgierres,[4] subject to a usufruct of one-half (V2) of said interest bequeathed to the decedent’s brothers, C. Patout Burgierres, William W. Bur-gierres, and John Paul Burgierres.
The court’s explanation, in his reasons for judgment, is as follows:
Additionally,.it is noted that the testator only bequeathed a usufruct of one-half of his interest in the Jules M. Bur-gierres estate while giving the full naked ownership to his wife. He did not bequeath a corresponding one-half usu-fruct. A usufruct is created by juridical act, either inter vivos or mortis causa, or by operation of law. LSA-C.C. art. 544. In light of this and the wording of the testament, the Court finds that the testator only intended to establish a usu-fruct of one-half of his interest in the Jules M. Burgierres estate and that a corresponding one-half of his interest in the Jules M. Burgierres estate was never established. Therefore, as a naked owner, Mrs. Burgierres, under the will, is entitled to the decedent’s interest in the Jules M. Burgierres estate subject to a usufruct of one-half thereof in favor of the decedent’s three brothers, C. Pat-out Burgierres, John Paul Burgierres, and William Withnell Burgierres for the remainder of their lives.
The appellees argue again that the decedent must have intended that his siblings have the use of the asset during their lifetime and that his wife should receive only the naked ownership. We disagree. Inasmuch as he named his brothers and sisters specifically in previous wills and named the three disabled brothers in the will before us, it is more likely that he would have made a specific bequest if he intended the appellees to have a usufruct.
For the reasons stated in our consideration of the usufruct over the stock and for the written reasons expressed by the trial judge, we find that the disposition of decedent’s interest in Jules Burguieres, as written in the judgment, is correct.

Assessment of Costs:

The appellees seek to have the executrix as an individual condemned to pay the costs of the trial court proceeding and the appeal. They allege that the motion for declaratory judgment was brought by Mrs. Burguieres to seek an interpretation of the will in her own favor and had attempted to use her position as executrix for personal gain. In his reasons for judgment the trial judge stated that the succession should bear the costs “because the ambiguities in the last will and testament of the decedent necessitated judicial interpretation.”
The assessment of costs lies within the trial court’s discretion and will not be reversed unless that discretion is abused. Walker v. Bankston, 571 So.2d 690 (La.App. 2 Cir.1990); La.C.C.P. art. 1920. Our review of the motion for declaratory judgment indicates that the proceeding was properly brought in light of the several ambiguities in decedent’s olographic testament. La.C.C.P. art. 1874. Accordingly, we find no abuse of discretion in the court’s assessing costs of the declaratory judgment proceeding to the succession.
In summary, we find that the trial court was in error in providing in Reasons for Judgment that property to be inherited through intestacy by the heirs at law include a usufruct of all the decedent’s stock held in the J.M. Burguieres Company, Ltd., as of February 5, 1987, except for the voting rights which were specifically reserved to Angelica Burguieres. According *868 ly, we delete that provision of Reasons for Judgment at page five, second paragraph, lines ten through thirteen. The Judgment as to the award of naked ownership and voting rights of the J.M. Burguieres Company, Ltd. stock is affirmed as written, inasmuch as no reference is made there to a usufruct.
We correct the Judgment and Reasons for Judgment as to the spelling of “Burgui-eres,” which appears incorrectly throughout as “Burgierres.”
In all other respects the Judgment below is affirmed. We assess costs of the appeal fifty percent to Angelica Bolinger Burgui-eres individually and fifty percent to the heirs at law.
AFFIRMED IN PART, CORRECTED IN PART AND AFFIRMED AS CORRECTED.
*869 [[Image here]]
*870 [[Image here]]

. The will is reproduced as an appendix following this opinion.

. C. Patout Burguieres died after the succession was opened. His succession has been substituted as a party in the proceedings.

. Yiannopoulos, A.N., Personal Servitudes, 3 Louisiana Civil Law Treatise 15 (3rd ed. 1989), n. 1.

. The name "Burguieres” is spelled incorrectly throughout the judgment and reasons for judgment.