715 So.2d 1258 (1998)
SUCCESSION OF Lillie Beatrice MOTT.
No. 97-1419.
Court of Appeal of Louisiana, Third Circuit.
July 8, 1998.
Charles A. "Sam" Jones, III, DeRidder, for Leona Archield Hodges.
Harold Dewey Register, Jr., Lafayette, for Succession of Lillie Beatrice Mott.
Before THIBODEAUX, COOKS, WOODARD, DECUIR and AMY, JJ.
AMY, Judge.
Appellant, Leona Hodges, appeals the trial court's finding that the purported olographic will was not a valid testament as it lacked testamentary intention to convey ownership upon her death. We reverse.

FACTS AND PROCEDURAL HISTORY
On December 11, 1987, the decedent, Lillie Beatrice Mott, penned a document entitled "Last Will and Testament of Lillie Beatrice Mott-Widowed." This handwritten document was signed and dated. The decedent died on July 2, 1994. On October 11, 1994, Hodges filed a petition in district court to be placed in possession of the decedent's estate. The following day, the trial court notified Hodges that the requested judgment of possession was denied noting that "[t]he will has apparently never been probated...." The trial court advised Hodges that she must produce the original will for probate in accordance with the law prior to seeking a judgment of possession.
Accordingly, Hodges filed a petition for probate of the purported olographic will of the decedent on December 19, 1994. In her petition, Hodges requested that the purported olographic will be admitted to probate and *1259 ordered executed and that she be appointed as testamentary executrix for the estate of Lillie Beatrice Mott. On July 7, 1997, the trial court signed an order which effectively denied Hodges' request for probate. The substance of the order was achieved by the modification of a previously submitted order by Hodges' attorney, on which the trial court eliminated from the document all language that the document was a valid will. Instead, the trial court allowed the document filed in the record as "an authentic writing of the testator" rather than a will, finding that the document "contain[ed] no testamentary dispositions...."
Hodges appeals, assigning the following trial court errors: (1) the trial court erred in finding the document was "only a `writing of the testator' and refusing to accept the same as the Last Will and Testament of the Decedent[;]" (2) the trial court erred in concluding that no testamentary dispositions were contained in the handwritten document; and, (3) the trial court erred in refusing to probate the decedent's olographic will and ordering the will "filed and executed in accordance with the laws of testate succession of the State of Louisiana."

MERITS
The fundamental issue before this court is whether the handwritten document signed and dated by the decedent is a valid olographic will. The trial court found the document lacked the requisite testamentary dispositions and, thus, could not be filed as a will. Hodges disagrees, asserting that "[i]t is clear from the olographic testament of the Decedent that she meant to place ... Hodges[] in possession of her entire estate." (Emphasis omitted).
The purported olographic will, which was written, signed and dated by the decedent, as attested to in affidavits for probate of olographic will, read:
Last Will and Testament of
Lillie Beatrice Mott-Widowed
I Lillie Beatrice Mott, born Lawrence, a resident of Parish Beauregard, State of Louisiana, being of sound and disposing mind and knowing that life is precarious, wish to make proper disposition of my property in case of my death, and declare this to be my last will and testament:
I declare that costs of my last illness, furnal [sic] expenses, and administration expenses of my estate and all of my just debts, excepting mortgage notes secured by mortgages upon real estate, be paid as soon after my death as practical;
I hearby [sic] appoint my God Daughter, Leona R. Hodges, born, Archield, whose address is 4549 Merrill Ave., Oakland Ca. 94619 as executrix of this my last will and testament, with seizin of my entire estate and without any bond or security whatsoever and without any inventory of my estate. This includes community or separate [sic] movable or immovable, real or personal whatsoever may exist at the time of my death, and wherever located.
I further declare that of the marriage between myself and my deceased husband, Marshall D. Mott there were no children born.
 Mrs. Lillie B. Mott
 12-11-1987
The law and jurisprudence governing whether a document constitutes a valid olographic will are clear. The statutory requirements of an olographic will are that the document must be entirely written, signed and dated by the hand of the testator. La. Civ.Code art. 1588. The only additional requirement is the document itself must evidence testamentary intent for there to be a valid testament. Succession of Shows, 158 So.2d 293 (La.App. 1 Cir.1963), aff'd, 246 La. 652, 166 So.2d 261 (1964). The Louisiana Supreme Court, in Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945), noted that, when a will is executed, the natural and reasonable presumption is that the testatrix intended to dispose of her entire estate. And, when the will executed is olographic, written without aid of counsel, a court is not bound to the strict adherence to technical or legal definitions of language used, but instead is called to obey "the clear intention [of the testatrix] however informally conveyed." Id. at 238.
*1260 In the present case, the decedent wrote a document entitled "Last Will and Testament" with the stated purpose "to make proper disposition of [her] property in case of [her] death[.]" In finding the document lacked testamentary dispositions, the trial court apparently placed great emphasis on the meaning of the legal term "seizin." While it is clear to legal scholars that "seizin" does not equate to ownership but, instead, affects only the taking of possession of the estate, the decedent is not held to the technical meaning of a purely legal term. To do so would be to contravene the natural presumption that, when a will is executed, the testatrix intends to dispose of her property upon her death. Accordingly, we order the document be recognized as the last will and testament of Lillie Beatrice Mott and, as such, be accepted into the record of the succession proceedings.

DECREE
The judgment of the trial court is reversed. Judgment is rendered recognizing the last will and testament of Lillie Beatrice Mott, in olographic form, dated December 11, 1987, as authentic and duly proved. It is ordered that said will be filed and recorded in the record of the succession proceedings. All costs of this appeal are assessed to the Estate of Lillie Beatrice Mott.
REVERSED AND RENDERED.
COOKS, J., dissents and assigns written reasons.
DECUIR, J., dissents for reasons assigned by COOKS, J.
COOKS, Judge, dissenting.
A document, to constitute a person's last will and testament, must show on its face that it purports to be the last will of the person, whereby he disposes of his property at his death. Succession of Shows, 158 So.2d 293 (La.App. 1 Cir.1963), writ granted, 245 La. 637, 160 So.2d 227(La.), affirmed, 246 La. 652, 166 So.2d 261 (1964). The olographic testament is that which is entirely written, dated and signed by the hand of the testator. La.Civ.Code art. 1588. It is subject to no other formality. Hendry v. Succession of Helms, 557 So.2d 427 (La.App. 3 Cir.1990), writ denied, 560 So.2d 8 (La.1990). However, in the absence of a testamentary intent, which must be established by the language of the document itself, there is no will. Succession of Shows, 158 So.2d 293. The trial court found Mrs. Mott's letter lacked the requisite testamentary dispositions and, thus, could not be filed as a will.
The appellant argued the document is entitled "Last Will and Testament" and contains the phrase "with seizin of my entire estate;" this, she insisted, sufficiently evidences Mott's animus testandi, or intention to convey ownership of her property to appellant, upon her death. (Emphasis provided). La. Civ.Code art. 940 defines "seizin" as follows:
SEIZIN OF HEIRS, INTESTATE AND TESTAMENTARY
A succession is acquired by the legal heir, who is called by the law to the inheritance, immediately after the death of the deceased person to whom he succeeds.
This rule applies also to testamentary heirs, to instituted heirs and universal legatees, but not to particular legatees.
La.Civ.Code art. 941 provides, in pertinent part:
The right mentioned in the preceding article is acquired by the heir by the operation of the law alone, before he has taken any step to put himself in possession, or has expressed any will to accept it.
La.Civ.Code art. 942 states:
The heir being considered seized of the succession from the moment of its being opened, the right of possession, which the deceased had, continues in the person of the heir, as if there had been no interruption, and independent of the fact of possession.
Appellant further argued, and the majority apparently agrees, it is clear from the olographic testament of the Decedent that she meant to place [Appellant] in possession of her entire estate. While that assumption may be true, "possession" is not the same as "ownership." Moreover, the distinction between the two may be most relevant where a testator names the succession representative, without enumerating heirs and/or legatees.
*1261 I acknowledge that the concept of seizin is, technically, inapplicable to anyone except "a forced heir, universal legatee or legitimate heir". See Baten v. Taylor, 386 So.2d 333 (La.1979). Nonetheless, as a practical consequence, being seized with possession of property is not irreconcilable with the office of succession representative. And, it does not necessarily "contravene" the so-called natural and reasonable presumption resurrected by the majority from Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945), a 1945 Supreme Court case. In Baten, decided 34 years after Fertel, the Louisiana Supreme Court discussed the flexibility of the seizin abstraction. The court noted:
Article 3211 of the Code of Civil Procedure provides that the succession representative is deemed to have possession of all property of the succession and shall enforce all obligations in its favor.[1] [Citations omitted]. According to the redactors, this provision is a deliberate departure from the former law relating to seizin and, as a practical matter, gives the succession representative full seizin of all the property of the deceased.
Id., at 339. Further, the court made clear that courts should not "mistakenly [equate] seizin with ownership. Seizin is not ownership...". Id., at 339-40. Neither should courts excise from a document the word seizin simply because it is a "legal term;" and may, by its use, indicate only an intent by the testatrix to convey possession of her estate for the sole purpose of enforcing or disposing of all obligations affecting it.
Mrs. Mott's will definitely appoints Hodges as executrix of her estate; and, the fact that there are no legatees or enunciated heirs is odd. However, the document, written, signed and dated by Lillie B. Mott, and headed by the phrase "Last Will and Testament," is not all that is required by law; it must also affirmatively express intent to dispose of property at the time of death. The document does not contain any intelligible demonstration of a testator's intent to dispose of the ownership of her property, which the law requires of valid donations mortis causa. On its face, the trial court could not surmise from the document itself that Mrs. Mott also intended to grant Ms. Hodges ownership of all her property upon her death.
Further, the distinction between "ownership" and "seizin" is certain, if not explicit. "Seizin has nothing to do with the transfer of property ... [i]t affects only the taking of possession of the estate." Id., at 340. The definition of "seizin," as accepted by the state supreme court, renders Mott's phrase "with seizin of my estate" the same as "with possession of my estate." With that difference in mind, the trial court rightly decided Mrs. Mott's "will" evidenced nothing more than an intent that Ms. Hodges be executrix of her estate.
NOTES
[1] La.Code Civ.P. art. 3211 has since been repealed. But, La.Code Civ.P. art. 685 was further cited in the Baten opinion and signifies the notion that succession representatives are "seized" with possession of estate property, pending actual possession by the heirs. Article 685 reads, in pertinent part:

Except as otherwise provided by law, the succession representive appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administation.