STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-150

SUCCESSION OF VERA KATE BERNSTINE

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 13379, DIV. B
HONORABLE W. PEYTON CUNNINGHAM  JR., DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, C.J., Billie Colombaro Woodard, and
Marc T. Amy, Judges.

AMY, J., CONCURS IN THE RESULT.

AFFIRMED.

Otis Edwin Dunahoe, Jr.
DUNAHOE LAW FIRM
P. O. Box 607
Natchitoches, LA 71458-0607
Telephone:  (318) 352-1999
COUNSEL FOR:
    Appellee - Otis Johnson, III

Alex J. Washington
401 Edwards Street - Suite 1107
Shreveport, LA 71101
Telephone:  (318) 841-1233
COUNSEL FOR:
    Appellants - Burk Clark, Kirk Clark, and Phyllis Lewis

THIBODEAUX, Chief Judge.

In this case, the plaintiffs-appellants, Burk Clark, Kirk Clark, and Phyllis Lewis, appeal the judgment of the trial court in favor of Otis Johnson that he be maintained as administrator of the estate of his mother, Mrs. Vera Kate Bernstine. Mr. Johnson was a first-time convicted felon who was by law entitled to an automatic pardon. For the following reasons, we affirm the judgment of the trial court.

I.

## ISSUE

The issue in this case is whether or not the trial court erred in maintaining Mr. Johnson as the administrator of the estate of his deceased mother, Mrs. Bernstine because he was a first-time convicted felon or a person of bad moral character.

II.

## FACTS

Mr. Johnson was the only son of Vera Kate Bernstine. Mrs. Bernstine died on February 9, 2003. Thereafter, her son filed a petition to be appointed as administrator of her estate. Her estate consisted, in part, of several profitable rental properties. Mr. Johnson is the father of three children, the appellants in this appeal, Burk, Kirk and Phyllis, Mrs. Bernstine's grandchildren. After Mr. Johnson filed his petition, his children filed a motion to have him disqualified as the administrator based upon his 1990 felony conviction and his alleged bad moral character.

The parties stipulated that Mr. Johnson's 1990 felony conviction was his first and only felony conviction. They also stipulated that he was entitled, pursuant to La.R.S. 15:572, to receive an automatic pardon since the conviction was his first felony conviction. After listening to the evidence and reviewing the pertinent statute,

1

the trial court concluded that Mr. Johnson should be maintained as the administrator of his mother's estate. The trial court found that La.R.S. 15:572 pardoned Mr. Johnson such that his rights as a Louisiana citizen were restored. The trial court also found that the plaintiffs failed to prove Mr. Johnson's bad moral character. It is from this judgment that the plaintiffs appeal.

III.

## LAW AND DISCUSSION

The plaintiffs assert that because Mr. Johnson is a convicted felon, he should not be allowed to be the administrator of their grandmother's estate. To support their assertion, the plaintiffs rely on La.Code Civ.P. art. 3097(A)(3) which states:

> A. No person may be confirmed as testamentary executor, or appointed dative testamentary, executor, provisional administrator, or administrator who is:
>
> . . . .
>
> (3) A convicted felon, under the laws of the United States or of any state of territory thereof[.]

There is no question that Mr. Johnson is a convicted felon. However, La.R.S. 15:572 provides that people who are first-time felons are automatically pardoned once they have completed their sentence. Paragraph (B)(1) of La.R.S. 15:572 states:

> B. (1) A first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence *without a recommendation of the Board of Pardons and without action by the governor.*

(Emphasis added). Thus, the statute does not require any action on the part of the offender, a state department, or the governor for the pardon to attach once he completes the required sentence. Although a first offender pardon does not return the offender to the status of innocence as a gubernatorial pardon does, its effect is to

2

restore the basic rights of citizenship to the offender. *State v. Moore*, 03-16 (La.App. 3 Cir. 5/14/03), 847 So.2d 53.

The parties do not dispute that Mr. Johnson has completed his sentence. They also do not dispute that his 1990 felony conviction was his first felony conviction. Moreover, the testimony at the hearing reveals that the plaintiffs stipulated that Mr. Johnson was pardoned automatically by virtue of the first offender pardon statute making it unnecessary for Mr. Johnson to produce evidence of his pardon. Mr. Johnson was, thus, restored to his basic citizenship rights, including the right to be the administrator of his deceased mother's estate.

In a further effort to have Mr. Johnson removed as administrator of Mrs. Bernstine's estate, the plaintiffs contend that Mr. Johnson is of bad moral character. The trial court found the evidence of Mr. Johnson's bad moral character to be insufficient to remove Mr. Johnson as administrator. After a review of the record, we agree. Burk was the only son who testified regarding his father's bad moral character. He testified that his father stole Christmas presents from his grandmother's house in December 2002 when his grandmother was out of town. He surmised that his father used the stolen items to get money to buy drugs, although, he had no proof that this occurred. Although he stated that his father used marijuana, he testified that he never actually saw his father use marijuana. It appears from Burk's testimony that he has seen very little of his father over the years. Mention was made about Mr. Johnson's various arrests and convictions for misdemeanor offenses during his life. However, there was nothing in the record revealing the nature of those arrests and/or convictions, such as court minutes or certified copies of convictions. Therefore, the argument that Mr. Johnson possessed bad moral character sufficient to remove him as administrator of Mrs. Bernstine's estate is without merit.

3

IV.

## <u>CONCLUSION</u>

For the reasons assigned above, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.

**AFFIRMED.**