STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-739

# SUCCESSION OF VERA KATE BERNSTINE

**********

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 13379, DIV. B
HONORABLE W. PEYTON CUNNINGHAM, JR., DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard Ezell, Judges.

**AFFIRMED.**

**Edwin Dunahoe
Dunahoe Law Firm
Post Office Box 607
Natchitoches, LA   71458-0607
(318) 352-1999
COUNSEL FOR APPELLEE:**
        **Otis Johnson, III**

**Alex J. Washington
Washington & Wells
401 Edwards Street, Suite 1111
Shreveport, LA   71101
(318) 841-1233
COUNSEL FOR PLAINTIFFS/APPELLANTS:**
        **Burk Clark**
        **Kirk Clark**

**Phyllis Lewis
In Proper Person
5537 Shallow River Road
Clinton, MD 20735
(301) 442-8319**

**Carlos D. Prudhomme**
**English & Associates**
**401 Edwards Street, Suite 826**
**Shreveport, LA   71101**
**(318) 222-1900**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Phyllis Lewis**

AMY, Judge.

Following the decedent's death, her only son was appointed administrator of her estate and submitted a document his mother had written to the court, but asserted that the document was not a valid testament. The decedent's three grandchildren, who were also the administrator's children and were named in the document, argued that the document should be probated as an olographic will. The trial court found that the document was not a valid testament, and thereafter denied the grandchildren's motion for a new trial concerning the validity of the document. For the following reasons, we affirm.

## Factual and Procedural Background

Vera Kate Bernstine died on February 9, 2003. Under Louisiana's intestacy system, her entire estate devolved to her only son, Otis Johnson, III, who was appointed administrator of the estate. *See* La.Civ.Code art. 880, *et seq.* He submitted a document to the court as a potential testament, but maintained that the document was not a valid will.[1] The document stated:

> 3141 Highway 494
> Natchitoches, LA 71457
> December 7, 02

To Whom It Concerns:

> I, Vera Kate Bernstine am requesting should anything happen to me that my brother, Mr. Frankie Ray Jackson will be responsible for taking care of my estate.
> He is to see that my son Mr. Otis Johnson III needs will be adequately taken care of. At the appropriate time my grandchildren Ms.

---

[1] Louisiana Code of Civil Procedure Article 2853 states:
> If a person has possession of a document purporting to be the testament of a deceased person, even though he believes that the document is not the valid testament of the deceased, or has doubts concerning the validity thereof, he shall present it to the court with his petition praying that the document be filed in the record of the succession proceeding.
>
> A person so presenting a purported testament to the court shall not be deemed to vouch for its authenticity or validity, nor precluded from asserting its invalidity.

Phyllis Lewis, Mr. Kirk Clark, and Burk Clark will be awarded a trust of equal amounts.

Sincerely yours,

/s/ Vera Kate Bernstine

Kirk Clark, Burk Clark[2], and Phyllis Lewis, (hereinafter "the grandchildren") the children of Mr. Johnson, filed a Motion to Disqualify Administrator and for Contradictory Hearing on Validity of Will. Following a hearing on those issues, the trial court concluded that the document was not a will and denied the motion to disqualify Mr. Johnson as administrator. In oral reasons, the court stated:

> [The document] suggests or requests certain things but it's so vague and so indefinite that the Court cannot recognize it as a valid oligraphic [sic] will of Vera Kate Bernstine. The . . . simple fact of the matter is that that's not a will even by the most generous interpretation of that writing.

The grandchildren appealed the trial court's ruling, challenging Mr. Johnson's qualifications as administrator of the estate. This court affirmed the trial court's appointment of Mr. Johnson as the executor of the estate on July 7, 2004. *See Succession of Bernstine,* 04-150 (La.App. 3 Cir. 7/7/04), 879 So.2d 411.

With regard to the validity of the document as an olographic will, in lieu of appealing the trial court's ruling, the grandchildren moved for a new trial on the basis of a newly discovered witness who would testify about Ms. Bernstine's intent when she executed the document. The court held a hearing on the issue on January 16, 2004, and denied the motion for a new trial. The grandchildren now appeal that ruling, asserting that the trial court erred by finding that the purported olographic will was not a valid testament because it lacked testamentary intent.

---

[2]We note that the parties are referred to as both "Kurt Clark" and "Kirk Clark," and "Burt Clark" and "Burk Clark" throughout the record. We will refer to the parties as "Kirk Clark" and "Burk Clark" throughout this opinion, per appellant's original appellate brief.

**Discussion**

The Louisiana Code of Civil Procedure provides for the grant of a new trial based on either peremptory grounds or on discretionary grounds. La.Code Civ.P. arts. 1972 and 1973. Louisiana Code of Civil Procedure Article 1972 provides peremptory grounds for granting a new trial, stating:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:
>
> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.
>
> (2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
>
> (3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

Louisiana Code of Civil Procedure Article 1973 allows the discretionary grant of a new trial "in any case if there is good ground therefor[.]"

A trial court's decision in granting or denying a request for new trial will not be reversed, unless an abuse of its discretion has been demonstrated. *Norris v. State of Louisiana, DOTD,* 01-1578 (La.App. 3 Cir. 4/3/02), 813 So.2d 1197, *writ denied*, 02-1272 (La. 8/30/02), 823 So.2d 950. "Still, 'the discretionary power to grant a new trial must be exercised with considerable caution, for a successful litigant is entitled to the benefits of a favorable jury verdict.'" *Johnson v. Missouri Pac. R.R. Co.,* 00-980, p. 5 (La.App. 3 Cir. 7/25/01), 792 So.2d 892, 896 (quoting *Burris v. Wal-Mart Stores,* Inc., 94-921, p. 6 (La.App. 1 Cir. 3/3/95), 652 So.2d 558, 561, *writ denied,* 95-858 (La. 5/12/95), 654 So.2d 352), *writ denied*, 01-2445 (La. 12/7/01), 803 So.2d 33.

We note that the record does not contain the new trial motion. However, the record indicates that the grandchildren alleged that they had "discovered" a witness who would testify that the document at issue was, in fact, intended by Ms. Bernstine to be her final testament. Thus, the motion seems to have been based on La.Code Civ.P. art. 1972(2). At the new trial hearing, the court refused to hear the grandchildren's witnesses, stating:

> The parole evidence rule says you cannot come into court and prove with spoken word what a person's intent is or was when they wrote a document purporting to be a Will. . . . The parole evidence rule says in effect that we cannot look . . . anywhere except within the four corners of this December the 7th, '02 piece of paper to . . . tell me what the intent of Vera Kate Bernstine was on that date. The . . . ruling of the Court is that you cannot have parole evidence as to the intent of Vera Kate Bernstine. Now, if you have any other testimony you want to put on as to any other issues now would be the appropriate time.

The grandchildren consequently submitted a brief argument, but offered no evidence in support thereof. The court denied the request for a new trial, stating that the "Court . . . sustains [Mr. Johnson's] objection as to any parole evidence to show the intent of Vera Kate Bernstine. That means that . . . the original ruling of the Court that this is not a valid Will, stands."

The trial court cited the parole evidence rule in its reasons not to hear the verbal testimony of witnesses regarding Ms. Bernstine's intent with regard to the document at issue. It is well settled in Louisiana that extrinsic, or parol, evidence cannot be used to establish the testator's intent. *Succession of Plummer*, 37,243 (La.App. 2 Cir. 5/14/03), 847 So.2d 185, *writ denied,* 03-1751 (La. 10/10/03), 855 So.2d 323; *See Succession of Burguieres*, 612 So.2d 864, 865 (La.App. 5 Cir. 1992) (wherein the fifth circuit state "[t]he court must interpret the will as written, and

4

testamentary dispositions cannot be established by parol evidence as to the verbally declared intentions of the deceased."), *writ denied*, 614 So.2d 1256 (La. 1993).

The trial court appears to have denied the new trial request based on La.Code Civ.P. art. 1972(2), finding that sufficient new evidence did not exist to merit a new trial. However, in declining to hear the new evidence, the trial court upheld its ruling regarding document's validity as a testament, which could itself have been a basis for a new trial under La.Code Civ.P. art. 1972(1) or 1973. Therefore, we will consider the grandchildren's assertion that the document is a valid olographic will.

The requirements for an olographic will are stated in La.Civ.Code art. 1575, which states, in relevant part, "[a]n olographic testament is one entirely written, dated, and signed in the handwriting of the testator. . . . The olographic testament is subject to no other requirement as to form." In *Succession of Mott*, 97-1419, p. 3 (La.App. 3 Cir. 7/8/98), 715 So.2d 1258, 1259, this court stated that "[t]he only additional requirement is the document itself must evidence testamentary intent for there to be a valid testament."

The parties stipulated at a hearing that the document was entirely written by Ms. Bernstine and that she had signed and dated it. Thus, the issue brought before the court by the parties was whether Ms. Bernstine intended for the document to be considered her final will. "There are two essential requirements for a valid will, i.e., the act must be in valid form *and* the clauses it contains, or the manner in which it is made must clearly establish that it is a disposition of last will." *Hendry v. Succession of Helms*, 557 So.2d 427, 429 (La.App. 3 Cir.) (emphasis in original), *writ denied,* 560 So.2d 8 (La.1990).

5

Based on our review of the record, the trial judge was free to find that the document was not of sufficient clarity to be declared the final will of Ms. Bernstine. We find that, due to the lack of specificity in the phrase "should anything happen to me" contained in the document, the trial judge was not required to reach an interpretation that Ms. Bernstine was contemplating her death when she executed the document. Further, we also find that the trial court acted within its discretion in determining that the instructions contained in the document were of such a "vague" and "indefinite" nature that the testamentary intent could not be established from the face of the document.

Based on our determinations that the grandchildren did not submit sufficient evidence to warrant a new trial, and that the trial court's decision regarding the document's validity was not contrary to the law and the evidence, we do not find that the trial court abused its discretion in denying the grandchildren a new trial.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the appellants, Burk Clark, Kirk Clark and Phyllis Lewis.

**AFFIRMED.**