NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-533

SUCCESSION OF JOSEPH CALVIN TAUZIN

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 20-P-3860-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

**********

**BILLY H. EZELL**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Jonathan W. Perry, Judges.

**Perry, J., dissents and assigns reasons.**

**AFFIRMED.**

**Thomas M. Lockwood**
**7901 Wrenwood Blvd., Suite A**
**Baton Rouge, LA 70809**
**(225) 769-6799**
**COUNSEL FOR APPELLEE:**
      **Nina Tauzin Opperman**

**Carmen T. Hebert**
**J. Jacob Chapman**
**400 Convention St., Suite 550**
**Baton Rouge, LA 70802**
**(225) 282-0602**
**COUNSEL FOR APPELLANT:**
      **Deeya L. Tauzin**

**Ogden L. Pitre**
**Pitre Law Firm**
**511 E. Landry Street**
**Opelousas, LA 70570**
**(337) 924-1991**
**COUNSEL FOR APPELLEE:**
      **Succession of Joseph Calvin Tauzin**

**Guy Tauzin**
**In Proper Person**
**490 Highway 31**
**Arnaudville, LA 70512**

**EZELL, Judge.**

In this succession proceeding, Deeya L. Tauzin, daughter of Joseph Calvin Tauzin, appeals the trial court's judgment granting summary judgment in favor of her sister, Nina Tauzin Opperman, and rejecting probate of a purported olographic testament.

## FACTS

Joseph Tauzin died on October 12, 2020, in St. Landry Parish. His daughter, Deeya, filed a petition for probate of an olographic will dated September 8, 2015. She also requested that she be appointed executrix on October 26, 2020. A different daughter, Nina, filed an objection to and motion to dismiss the petition on October 28, 2020. Nina subsequently filed a motion for summary judgment on April 6, 2021, arguing that the purported will lacked testamentary intent.

A hearing on the motion was held on May 17, 2021. Following the hearing, the trial court rendered judgment granting the motion for summary judgment by rejecting and precluding from probate the September 8, 2015 writing, finding a lack of testamentary intent on the face of the document. Deeya then filed the present appeal.

## SUMMARY JUDGMENT

Deeya argues that summary judgment should be reversed because the September 8, 2015 writing by Joseph Tauzin satisfies the requirements for an olographic will.

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action . . . and shall be construed to accomplish these ends." La.Code Civ.P. art. 966(A)(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a de novo

standard of review. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, 574 U.S. 869, 135 S.Ct. 197 (2014).

The burden of proof is on the mover unless the mover will not bear the burden of proof at trial, in which case the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court the absence of factual support for one or more of the elements necessary to the adverse party's claim. La.Code Civ.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.*

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.

*Jackson*, 144 So.3d at 882.

Olographic testaments are recognized and established by La.Civ.Code art. 1575. In addition to the form requirements required by La.Civ.Code art. 1575, an olographic will must evidence testamentary intent. *Succession of Enos*, 20-329 (La.App. 3 Cir. 12/16/20), 310 So.3d 236.

"A valid olographic testament must do more than express or explain the wishes or desires of a decedent; the document must show intent to convey the

2

decedent's property by the instrument itself." *In re Succession of Cannon*, 14-59, p. 5 (La.App. 1 Cir. 3/25/15), 166 So.3d 1097, 1102, *writ denied*, 15-816 (La. 6/5/15), 171 So.3d 948. "A paper is not established as a person's will merely by proving that he intended to make a disposition of his property similar to or even identically the same as that contained in the paper. It must satisfactorily appear that he intended the very paper to be his will." *Id.* "Simply stated, not every instrument that one writes, signs, and dates is a last will and testament; the author must[:] intend for the instrument to serve that purpose, and that intent must be evident on the face of the document." *Id.* "The document must be read as a whole to determine whether the necessary testamentary intent was present when it was executed." *Id.* at 1104-05. "In the absence of testamentary intent, there cannot be a will." *Succession of Tedeton*, 51,507, p. 6 (La.App. 2 Cir. 9/27/17), 243 So.3d 1226, 1230.

The handwritten document at issue provides:

To whom it may concern

[Initials] 9-8-2015

On May 28, 1930 I was born of the Union of Anicet Tauzin and Therese Robin and subsequently baptized at St. Leo the Great Catholic Church in Leonville, La. USA. I, having grown up to maturity and very recently been declared sane by numerous professionals that can be substantiated by document in the possession of my attorney Antonio Birotte and also my youngest daughter Deeya Tauzin Ray. I pledge all of my eartly [sic] belongings and cash, and certainly including the real estate which I co-own with my, soon to be former wife, Anna Belle Taylor Tauzin to Deeya Tauzin Ray. This pledge is with conditions. First condition is that in no way will any part of my estate be granted directly or indirectly to any person who is not a descendant of myself and not former in-laws.

[Signature]
Dated 9-8-2015

3

Reading the statement as a whole, we agree that it does not establish testamentary intent. The writing does not contain the very language you normally see in a will to convey that it is a last will and testament other than to say that Joseph had the capacity when he signed the document. There is no clear intent that Joseph was disposing of his assets when he dies. The writing does not mention that it is a will nor that there is to be a disposition upon his death. Joseph merely pledged his assets to Deeya; he did not leave or give them to her upon his death. The word "pledge" is more commonly used to establish a security interest. La.Civ.Code art. 3138. A "pledge" is defined as a real right over property to secure performance of an obligation. La.Civ.Code art. 3141. It is more in the nature of a deposit or guarantee.

Reading the document as a whole, we find that the document does not establish the necessary testamentary intent. We affirm the trial court's grant of summary judgment in favor of Nina Tauzin Opperman rejecting and precluding from probate the writing dated September 8, 2015. Costs of this appeal are assessed to Deeya Tauzin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

SUCCESSION OF JOSEPH CALVIN TAUZIN

**PERRY, Judge, dissenting.**

I respectfully dissent from the majority opinion in that I do believe the document in question does illustrate testamentary intent such that it is a valid olographic will.

Olographic wills are generally written without the assistance of an attorney; thus, the wording used to express testamentary intent is generally not expressed in legalese. With a document that is written without counsel, the "law is indulgent in such cases. It exempts language from technical restraints and obeys the clear intention however informally conveyed." *Carter v. Succession of Carter*, 332 So.2d 439, 422 (La.1976); *see* La.Civ.Code art. 1612.

The form of the document is not being contested. The document's language and structure must be looked at to determine if there is intent. It is the intent of Mr. Tauzin that is under examination. If the form is not questioned, then the language within the four corners of the document become paramount in determining Mr. Tauzin's intent. *In re Succession of Bernstine*, 04-739, p. 4 (La.App. 3 Cir. 12/22/04), 890 So.2d 776, 779 (extrinsic or parol, evidence cannot be used to establish the testator's intent"). It is my position the words "pledge" and "my estate" strongly show testamentary intent.

It has been put forth by the majority that the word pledge is defined as a real right over property to secure performance of an obligation. *Slip opinion* at 4. Are

we to really think that Mr. Tauzin was thinking about securing the performance of an obligation when he used the word pledge? I submit that was not his intent.

It is my position Mr. Tauzin's use of the term "my estate" shows clear intent the document was his Last Will and Testament. In what other "legal" documents does a lay person use the term "my estate" but for a Will?

The genesis of an olographic will is allowing a person to hand write their last wishes, desires, and intent without the assistance of anyone else. If a person does not use normal or routine legal words that does not deplete the intent of the writer.

Contrary to the majority, I would reverse the trial court, finding Mr. Tauzin's writing expresses testamentary intent; thus, the opponent to the will's validity is not entitled to judgment as a matter of law. For these reasons, I respectfully dissent.