JAMES C. GULOTTA, Judge Pro Tem.
Plaintiff, a tenant in defendant’s residential property, brought this suit alleging that she incurred injury to her eye when falling plaster from the ceiling struck her in the face. After a trial on the merits, the jury rendered a verdict dismissing plaintiffs claim. Although the jury concluded that a defect existed in the premises, it found that the defective condition was not a cause-in-fact of the plaintiffs injury.
Plaintiff, appealing, asserts that the trial judge erred in failing to grant a motion for mistrial after it had been determined that a defense witness spoke with one of the jurors during a lunch break and that the jury’s failure to establish causation was error.

MOTION FOR MISTRIAL

In her first assignment of error, plaintiff contends the trial judge abused his discretion in denying her motion for mistrial based on misconduct between a defense witness and a juror. During a lunch break, plaintiffs counsel observed a defense witness speaking with a juror. After this information was brought to the attention of the trial judge, the judge interrogated the juror and concluded that there existed no basis for a mistrial. The conversation between the witness and one of the jurors was to the effect that the witness wanted the juror to make a wood gunstoek for him. The juror, a wood carver, refused to do so. Other conversation likewise was innocuous. Based on this interrogation of the witness and the juror, as well as another juror who overheard the conversation, the trial judge denied the motion for a mistrial. We find no error.
It is well established in our law that a motion for a mistrial in a civil case should be granted under the following circumstances: (1) when, the trial judge determines that it is impossible' to reach a proper judgment because of some error or irregularity and (2) where no other remedy would provide relief to the moving party. Spencer v. Children’s Hospital, 432 So.2d 823 (La.1983), writ denied, 536 So.2d 1255 (La.1989).
Motions for mistrial should also be granted upon proof of prejudicial misconduct occurring during a jury trial which cannot be cured by admonition or instructions. Searle v. Travelers Insurance Company, 557 So.2d 321 (La.App. 4th Cir.1990).
Based on the information developed by the trial judge in his interrogation of the jurors and witness, we cannot say the trial judge erred.

CAUSATION

In her second assignment of error plaintiff claims the jury erroneously failed to find causation between the defective condition of the premises and the eye injury. This is a credibility call. Plaintiff testified that in April of 1991 leaks in the roof caused pieces of the ceiling to fall. She stated that on the evening of the incident she was in her son’s bedroom watching television when plaster fell from the ceiling and struck her in the eye. Plaintiffs testimony was corroborated by her two children. However, on cross examination these two adult children acknowledged that they did not actually see the plaster fall on plaintiff.
One of the defendant owners and a roofer hired by defendants to replace the roof testified that they examined the premises on July 5, 1991, and also immediately after the incident which occurred in June, 1991.
Both the roofer and the owner stated that there were no cracks in the plaster and no plaster was missing from the ceiling. They stated that there existed a large brown water stain in the room where the incident allegedly occurred. The roofer further stated that the ceiling in one room was buckled and sagging but there were no cracks or pieces missing.
The medical testimony indicated that the injury to the eye was caused by a “severe blunt trauma”. Plaintiff initially saw Dr. Donald Cerise approximately two weeks after the accident. Dr. Cerise’s notes indicate that plaintiff had a loss of vision in the left *148 eye.[1] He diagnosed plaintiff as suffering from retinal scarring in the left eye and referred plaintiff to Dr. James Diamond, an expert in vitreo-retinal surgery. According to Dr. Diamond’s deposition, plaintiff’s loss of vision in her left eye was related to the choroidal rupture in the macula of the left eye. He further stated that plaintiffs cho-roidal rupture, from every indication, is traumatic in origin.
A third expert, Dr. J.W. Rosenthal, testified that he examined the plaintiff on August 10, 1992. This examination revealed the existence of a sear in the left macula which probably accounted for poor vision in the left eye. Dr. Rosenthal stated that scaring of this nature could occur from a blunt trauma to the eye. This expert was of the opinion that a “pretty good force” like being hit in the eye with a fist or tennis ball could cause the type of scar that plaintiff sustained. He did not believe that such an injury could result from paint falling from a ceiling. However, Dr. Rosenthal acknowledged that ceiling material or plaster could cause such an injury.
The jury was faced with plaintiffs testimony, on the one hand, contradicted by the testimony of the roofer, on the other hand, together with the medical evidence which indicated that the injury could have been the result of the eye being struck by a blunt instrument. This was purely and simply a credibility call on the part of the jury. The jury chose to accept the defendants’ evidence and reject that of plaintiff.
We cannot say, that under the circumstances, the jury manifestly erred in its credibility determination. Having so concluded, we affirm the judgment of the trial court.

. Plaintiff's counsel was informed that Dr. Cerise would not able to testify at trial. It was agreed by counsel for both parties that Dr. Rosenthal, defendants’ expert, would read Dr. Cerise’s notes into evidence.