# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #027

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **26th day of June, 2019**, are as follows:

**PER CURIAM**:

2019-C-0030      TERRY GOTCH v. SCOOBY'S ASAP TOWING, LLC, ET AL. (Parish of Lafayette)

In this case, we are called upon to determine whether the district court erred in denying plaintiff's request for a mistrial based on evidence that the jurors violated their instructions by discussing the case prior to deliberations. For the reasons that follow, we conclude the district court did not abuse its discretion in denying plaintiff's motion for a mistrial. Accordingly, we reverse the judgment of the court of appeal and reinstate the district court's judgment.

REVERSED.

JOHNSON, C.J., dissents and assigns reasons.
HUGHES, J., dissents with reasons.
GENOVESE, J., dissents and assigns reasons.

**SUPREME COURT OF LOUISIANA**

**No. 2019-C-0030**

**TERRY GOTCH**

**VERSUS**

**SCOOBY'S ASAP TOWING, LLC, ET AL.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF LAFAYETTE**

**PER CURIAM**

In this case, we are called upon to determine whether the district court erred in denying plaintiff's request for a mistrial based on evidence that the jurors violated their instructions by discussing the case prior to deliberations. For the reasons that follow, we conclude the district court did not abuse its discretion in denying plaintiff's motion for a mistrial. Accordingly, we reverse the judgment of the court of appeal and reinstate the district court's judgment.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Terry Gotch, filed this suit for damages against defendants, Joseph Derousselle and his employer, Scooby's ASAP Towing, LLC ("Scooby's"). Plaintiff alleged he was a guest passenger in a vehicle driven by Alydia Menard. According to plaintiff, Mr. Derousselle, an employee of Scooby's, backed his vehicle out of a private driveway, causing Ms. Menard to make an evasive maneuver to avoid a collision. Ms. Menard's vehicle subsequently left the roadway and struck a ditch, causing injury to plaintiff.

The suit was tried before a jury. Prior to trial, the district court instructed the jury, "[y]ou may only discuss the case with the other members of the jury when you

begin deliberations on your verdict and all other members of the jury are present."[1]

At trial, the parties presented conflicting versions of the events. Ms. Menard testified that she swerved to avoid Mr. Derousselle's truck, which she noticed partially in the roadway as she rounded a turn. Ms. Menard also testified that fog obstructed her view of the roadway.

Mr. Derousselle testified that he had backed his vehicle from his driveway, but immediately pulled back into the driveway upon seeing Ms. Menard's vehicle coming around the curve. He noted that the fog, together with the excessive rate of speed at which Ms. Menard was traveling on the wet highway, likely contributed to her inability to slow down or stop, and caused her to instead veer off the road.

After the close of evidence and argument, the jury began deliberations. The alternate juror, who had been excused prior to deliberations, remained in the courtroom. In response to a question by plaintiff's counsel about her impression of the trial, the alternate juror suggested that the jurors may have discussed the case among themselves prior to deliberations.

Following deliberations,[2] the jury returned its verdict. In a unanimous verdict, the jury found defendants were not negligent.

After receiving the verdict, the district court, with the consent of the parties and on the record, questioned the jurors. The district court asked the foreperson, Mr. McClelland, "were there any discussions during breaks, and after we recessed, or whatever amongst yourselves about the case?" Mr. McClelland replied, "yes, sir." He further stated:

---

[1] The opening jury instructions are not contained in the record. However, both parties agree the district court gave this instruction, which is taken from the model "Plain Civil Jury Instructions."

[2] The exact length of the deliberations is not set forth in the record. In argument before this court, counsel for both parties indicated they recalled deliberations lasted approximately fifteen to twenty minutes.

I don't think any of us were under the impression that we were not allowed to speak about it inside the jury deliberation room. So, actually, I felt that that was our duty, is to speak about it and discuss it amongst each other to, I mean, come up with a verdict.

Another juror, Ms. Hennigan, testified that while some of the jurors had feelings about the case at the beginning, she did not believe any of the jurors made a decision until deliberations. She stated:

I will say some, from the beginning, did feel one way or the other. Nobody made - - I don't know that anyone made a hundred percent decision one way or the other until - - because we all have lots and lots of notes that we took. We took - - every - - I don't want that to look like we did not look at all the information. We looked at all the information, I mean, from percentages to how they backed out, drove in to - - and I know about - - I know a lot about spines and - - Anyway, so there was - - it was a good discussion, it was, and to the point of the benefit of the doubt and everything. But to be able to say that this was - - that any pain and suffering could be caused by the gentlemen backing out of his driveway on a foggy morning, we could not see that. And so - -

After hearing the jurors' testimony, the district court made the following remarks:

So the issue will be whether or not the discussions that you had - - I mean, you came to a verdict, you did it, obviously, with discussion amongst yourselves. No one swayed one person from doing it or the other. The issue is just that - - And the reason that we have that charge is so that starting from opening statement and then when you just hear the plaintiff's case that you all aren't affecting other jurors by your thoughts and whatever on - - from opening through close. Because the defendant - - in this case, the defendants only had one witness, but in many cases defendants may have a day and a half of witnesses, and if you all have been discussing about the case after just hearing what the plaintiff said, you may be forming an opinion during that time that may not be able to be rebuffed now because the defendants haven't put on their case yet. That's the purpose behind it. I don't know, in this case, that it was that effect or not, but - okay.

\* \* \*

3

I know, but what I want to make clear is what I got from their discussion is that they didn't make a decision at opening statements, that they discussed the case throughout the time they were here and made their decision based on what they believed was good law. I can't fault their decision. And it sounds to me that they had a lot of discussion, it's just that they had the discussion before they were charged with the law.

Thereafter, plaintiff filed a motion for a mistrial. In support, he argued the jurors disregarded the district court's instruction to refrain from making any determinations until the end of the trial.

After hearing, the district court denied the motion for mistrial. In oral reasons for judgment, the court stated:

So, anyhow, I just don't see how this is manifest error, that this is, certainly, not something that they did that I think had an effect on their verdict . . . I don't think there's grounds for a new trial based on what I heard in terms of other than this discussion. I think, clearly, reasonable minds on a jury could have decided the way they decided.

The district court then entered an amended judgment which denied plaintiff's motion for a mistrial and adopted the jury's verdict. Plaintiff appealed.

The court of appeal reversed, finding the district court erred in denying plaintiff's motion for mistrial. *Gotch v. Scooby's ASAP Towing, LLC*, 18-355 (La. App. 3 Cir. 12/6/18), 259 So.3d 1107.

Upon defendants' application, we granted certiorari to review the correctness of the judgments below. *Gotch v. Scooby's ASAP Towing, LLC*, 19-C-0030 (La. 3/6/19), 266 So.3d 905.

## DISCUSSION

Prior to 1995, the Code of Civil Procedure did not expressly provide for mistrials in civil cases. However, our jurisprudence recognized that "this device is not precluded when no other remedy would afford relief." *Spencer v. Children's*

4

*Hosp.*, 432 So.2d 823, 825 (La. 1983). In 1995, the legislature codified this jurisprudence in La. Code Civ. P. art. 1631(C), which provides, "[t]he court on its own motion, or on the motion of any party, after hearing, may grant a mistrial."

The case law, both before and after the enactment of La. Code Civ. P. art. 1631(C), has consistently held that a trial court is afforded vast discretion in determining whether to grant a mistrial, since mistrials are not a matter of right. *See, e.g., Boutte v. Kelly*, 02–2451 (La. App. 4 Cir. 9/17/03), 863 So.2d 530, 549; *Searle v. Travelers Ins. Co.*, 557 So.2d 321, 323 (La. App. 4 Cir. 1990). An appellate court may not disturb a trial court's denial of a motion for mistrial absent a showing of an abuse of that discretion. *Beaumont v. Exxon Corp.*, 02–2322 (La. App. 4 Cir. 3/10/04), 868 So.2d 976, 985.

Because a mistrial is a drastic remedy, it should be granted only when the error results in substantial prejudice sufficient to deprive a party of any reasonable expectation of a fair trial. *See Succession of Houston*, 52,181 (La. App. 2 Cir. 8/15/18), 253 So.3d 836, 845, *writ denied*, 2019-0458 (La. 5/20/19); *see also Estate of Cristadoro ex rel. Jones v. Gold-Kist, Inc.*, 2001-0026 (La. App. 4 Cir. 1/23/02), 819 So.2d 1034, *writ denied*, 2002-1325 (La. 9/13/02), 824 So.2d 1171. Although misconduct of jurors may be a cause for granting a mistrial, the misconduct must be such that it is impossible to proceed to a proper judgment. *Jordan v. Intercontinental Bulktank Corp.*, 621 So.2d 1141, 1150 (La. App. 1 Cir. 1993), *writ denied*, 623 So.2d 1335-36 (La. 1993).

In the analogous area of mistrials in criminal law, we have emphasized that a party seeking a mistrial must make a "clear showing of prejudice" and have consistently held "a mere possibility of prejudice is not sufficient." *State v. Ducre*, 2001-2778 (La. 9/13/02), 827 So.2d 1120, 1120. We have further recognized the

5

determination of whether prejudice has resulted lies within the sound discretion of the trial judge. *State v. Smith*, 430 So.2d 31, 44 (La. 1983).

In the instant case, the district court, after hearing the testimony of the jurors, determined that plaintiff was not prejudiced because the jurors did not make a decision prior to hearing all the evidence. Specifically, the district court explained, "what I got from their discussion is that they didn't make a decision at opening statements, that they discussed the case throughout the time they were here and made their decision based on what they believed was good law."

The district court's findings are supported by the testimony of one of the jurors, Ms. Hennigan. She testified that while some of the jurors may have had feelings about the case from the beginning, there was no indication they disregarded the evidence presented at trial. To the contrary, she testified she did not believe "that anyone made a hundred percent decision one way or the other" until hearing the evidence. She pointed out the jurors took "lots and lots of notes" and "looked at all the information. . . ." Clearly, this testimony refutes any suggestion that the jurors pre-judged the case prior to hearing all the evidence or that their early discussions prejudiced their consideration of plaintiff's evidence in any significant way.[3]

In summary, we find the district court did not abuse its great discretion in denying plaintiff's motion for mistrial. The court of appeal erred in reaching a contrary conclusion. Accordingly, we must reverse the judgment of the court of appeal and reinstate the judgment of the district court.[4]

---

[3] Moreover, as the district court noted, any prejudice that might result from discussing the case at an early stage of the proceeding would tend to affect the defendants rather than plaintiff, as defendants' evidence is presented last.

[4] Because of our holding, we pretermit consideration of defendants' arguments regarding whether the court of appeal erred in failing to apply the provisions of La. Code Evid. art. 606(B) to the juror testimony in this case.

6

**DECREE**

For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court denying the motion for mistrial filed by Terry Gotch is hereby reinstated.

**SUPREME COURT OF LOUISIANA**

**No. 2019-C-0030**

**TERRY GOTCH**

**VERSUS**

**SCOOBY'S ASAP TOWING, LLC, ET AL.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF LAFAYETTE**

**JOHNSON, Chief Justice, dissents and assigns reasons.**

I agree with the court of appeal that the district court abused its discretion in denying Mr. Gotch's motion for mistrial. Therefore, I respectfully dissent.

It is well established in our law that a motion for a mistrial in a civil case should be granted under the following circumstances: (1) when the trial judge determines that it is impossible to reach a proper judgment because of some error or irregularity and (2) where no other remedy would provide relief to the moving party. *Gable v. Verrett*, 628 So.2d 146, 147 (La. App. 4 Cir. 1993) (citing *Spencer v. Children's Hospital*, 432 So. 2d 823 (La.1983)). Motions for mistrial should also be granted upon proof of prejudicial misconduct occurring during a jury trial which cannot be cured by admonition or instructions to the jury. *Id*. I find the jurors' misconduct in this case prevented it from reaching a proper judgment. *See Spencer*, 432 So. 2d at 826 (internal citations removed). As a result, the jury's verdict was tainted and a mistrial should have been granted by the district court.

There is no dispute that the jury was instructed by the district judge not to talk about the case before the deliberation process began. There is also no dispute that the jury violated this instruction. After reviewing the record, there is no question in

my mind that the jury's misconduct in violating the court's instruction was prejudicial, necessitating a mistrial.

In this case, shortly after the jury retired to begin deliberations, the alternate juror advised plaintiffs' counsel that the jury had discussed the case throughout the trial and had decided from the beginning that defendant was not at fault. The district judge was present at the time and overheard the statement by the alternate juror. With the approval of all counsel, the district judge informally questioned the alternate juror who confirmed that the jury had discussed the case during the course of the trial and had decided defendant was not at fault from the time of the opening statements. The jury returned a verdict in favor of defendant. Although the record does not reflect the exact length of time the jury was out, comments by the court indicate the jury spent only a few minutes deliberating, which suggests to me that the verdict was predetermined. While the district judge and counsel were having a discussion on the record regarding how to handle the jury issue raised by the alternate juror, the following colloquy occurred:

DEPUTY SHERIFF:          They're [the jury] ready.

THE COURT:               So now we've got a problem.

PLAINTIFF'S COUNSEL:     I have to request a mistrial.

***

THE COURT:     But I'm now going to have to talk to them. I think I'm - - Clearly, I have to explore. Listen, this case could have ended in five minutes. I might have decide this case in five minutes and it wasn't in the plaintiff's favor. But having said that, five minutes doesn't give them a chance to [use the restroom] and go talk.

After receiving the verdict, and with the consent of the parties, the trial court questioned the foreperson, Mr. McClelland, on the record. Mr. McClelland admitted that the jurors had discussed the case among themselves during the proceedings. Another juror, Ms. Hennigan, admitted that some of the jurors "did feel one way or

the other" from the beginning, but stated that she "[didn't] know that anyone made a hundred percent decision one way or the other ...." The district court ultimately determined there was no prejudice because the jurors had not made a decision prior to hearing all of the evidence.

In finding no error in the district court's ruling, the majority focuses on Ms. Hennigan, reasoning her testimony refutes any suggestion that jurors pre-judged the case prior to hearing all the evidence. I cannot agree. Ms. Hennigan admitted that some of the jurors had an opinion from the beginning, yet she tried to suggest that the jury had not made a definite decision and that the jury had a "good discussion" about liability and damages. Given the admittedly abbreviated deliberations, as documented by the district judge on the record, it was impossible for the jury to have a "good discussion" and consider all of the evidence presented at trial during the mere five minutes of deliberations. There is no question in my mind that the jury's decision was based on the argument defense counsel presented in the opening statement, rather than on the evidence and testimony presented during the course of the trial. Prejudice must be implied when the jury made up its mind that defendant was not at fault following opening statements and before any evidence or testimony was presented. Preconceived judgment equates to prejudice.

For these reasons, I find a mistrial should have been granted by the district court. I respectfully dissent.

3

06/26/19

**SUPREME COURT OF LOUISIANA**

**No. 2019-C-0030**

**TERRY GOTCH**

**VERSUS**

**SCOOBY'S ASAP TOWING, LLC, ET AL.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF LAFAYETTE**

**Hughes, J., dissenting.**

The Louisiana Supreme Court has gone to great effort to implement Plain Civil Jury Instructions, and has established same by Supreme Court Rule. The cavalier treatment these rules receive in this case, especially by this court, is very disappointing.

Every civil jury is instructed (or should be) at the outset that they are not to deliberate until they have heard all the evidence and only then with each other when all the other members of the jury are present. After the trial, they are specifically instructed that the restriction on deliberating during the trial is removed, and that they may now deliberate. They are further advised not to announce a position immediately upon entering the jury room, as they may hesitate to change an announced position after they have had an opportunity to deliberate with the other jurors, again emphasizing that deliberation is a group effort that should only occur at the end of the trial with all jurors present.

These rules were blatantly violated in this case. It appears that some jurors had made up their minds immediately after opening statements, and said so, and that discussions continued between various jurors throughout the trial. The reasoning that there was no real harm because plaintiff put on its case first is self-serving, lame,

and ignores the rules violations.  It seems the jury deliberated from five to perhaps 15- 20 minutes.  As the trial court admitted, that wasn't even enough time for them to go to the restroom.  The court of appeal decision was correct and should be affirmed.

2

**SUPREME COURT OF LOUISIANA**

**NO. 19-C-0030**

**TERRY GOTCH**

**VERSUS**

**SCOOBY'S ASAP TOWING, LLC, ET AL.**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
THIRD CIRCUIT, PARISH OF LAFAYETTE**

**GENOVESE, J., dissents and assigns the following reasons:**

The issue presented in this case is whether the trial court abused its discretion in finding that the jury misconduct in discussing the matter prior to deliberation did not cause prejudice to plaintiff sufficient to warrant a mistrial. I agree with the court of appeal's reversal of the trial court and find plaintiff was prejudiced by said jury misconduct and that a mistrial is the only available remedy.

The record clearly indicates that the alternate juror informed the trial court, and the jury foreman acknowledged same, that there were discussions amongst all jurors about the case during breaks and recesses and before the case was given to the jurors for deliberation at the end of the case.

Crucial is the statement of the alternate juror to the court when asked about premature jury deliberations wherein she stated: "Pretty much from the opening statement, we had decided that the defendant wasn't at fault." Now, how can there be a fair trial after this revelation?

First, the jurors are not to be preliminarily deliberating or discussing the case prior to the case going to the jury at the end of the case. Second, the seed being planted and the mindset initiated by the jury after opening argument, and without

there being even the first bit of evidence presented, taints the jury and evidences a pre-judgment of the case. The jury is not supposed to be discussing the case much less arriving at any preliminary decision prior to its official deliberation at the end of the case. This is precisely why jurors are instructed not to discuss the case until all of the evidence has been presented, closing arguments had, and jury instructions given. This was not done in this case, and, thus, this constituted jury misconduct. Unquestionably, in my view, the jury's discussions and preliminary finding after opening statements that defendant was not at fault manifested a prejudice sufficient to warrant a mistrial.

I would affirm the judgment of the court of appeal.